THE STATE, EX REL. ROBUSKY, *v.* CHICKO.

(No. 414—Decided September 26, 1967.)

*Mr. Mark Sperry,* for relator.
*Mr. William B. Saxbe,* attorney general, and *Mr. William T. Bodoh,* for respondent.

LYNCH, J. Relator is Sheriff of Geauga County, and respondent is a state examiner for the Ohio Bureau of Inspection and Supervision of Public Offices. Respondent issued a subpoena for relator, pursuant to Section 117.03 of the Revised Code, to produce all his records and documents pertaining to the Geauga County Sheriff's Equipment Fund.

Relator filed a petition for writ of prohibition in this court to prevent respondent from compelling relator to produce such records. Relator contends that there are no statutory requirements for a Sheriff's Equipment Fund and that such fund does not include public moneys.

Respondent filed a demurrer to the petition on the basis that he was performing a ministerial act pursuant to Section 117.09 of the Revised Code, and that the writ of prohibition is not a proper remedy under the circumstances of this case.

This court overruled respondent's demurrer to the petition on the basis that respondent was exercising quasi-judicial functions in determining that the Geauga County Sheriff's Equipment Fund is an official fund and that the records pertaining thereto are subject to investigation by respondent, and

that the filing of a petition for a writ of prohibition was proper because relator had no adequate remedy at law.

Respondent filed an answer in which the only additional allegation to that contained in his demurrer was that relator has been making available to lawyers and insurance agents copies of accident reports for fees, which fees are public moneys under the provisions of Section 117.10 of the Revised Code, and that relator is accountable for these fees.

Relator filed a demurrer to the answer of respondent, and this is the issue before this court.

In Geauga County Case No. 4473, relator was indicted for converting to his own use moneys collected by him for the sale of accident reports, in violation of Section 2919.03 of the Revised Code. The Common Pleas Court sustained a demurrer to this indictment on the basis that there is no statute that imposes upon a sheriff the duty to furnish copies of accident reports on request, or directs or authorizes him to collect a fee therefor, and that any moneys received or collected for such purpose did not come into his possession by virtue of his office.

Respondent contends that Geauga County case number 4473 is not *res judicata* for this case because Section 2919.03 of the Revised Code concerns the conversion of public property coming into the possession of a public official "by virtue of such office," whereas Section 117.10 of the Revised Code defines "public money" as "all money received or collected under color of office, whether in accordance with or under authority of any law, ordinance, order, or otherwise, and all public officials are liable therefor."

If Geauga County case number 4473 is not *res judicata* of this case, we feel that the legal issues in both cases are identical.

There is no statute that requires a sheriff to furnish copies of accident reports on request or directs or authorizes him to collect a fee for such service, and there is no statutory prohibition against the furnishing of such reports by the sheriff.

We hold that any fee or money collected by the person holding the office of sheriff for furnishing reports of accidents is a fee collected for a personal and not an official act. In the event that such accident reports are furnished to the public by the per-

son holding the office of sheriff and are purchased voluntarily, the remuneration received cannot be recovered for the use of the county treasurer and is not subject to inspection by the Bureau of Inspection and Supervision of Public Offices.

1 Opinions of the Attorney General (1933) 172, No. 149, concerns compensation to a county recorder for furnishing reports of the filings of chattel mortgages and liens for credit information purposes.

1 Opinions of the Attorney General (1934) 562, No. 2596, concerns fees for marriage certificates collected by the Probate Court.

Opinions of the Attorney General (1942) 164, No. 4882, concerns fees for notary public examinations collected by Common Pleas Court.

Relator's demurrer to respondent's answer is sustained. Respondent has thirty days to file an amended answer. If amended answer is not filed within the time alloted by this court, a writ of prohibition preventing respondent from examining the records and documents of the Geauga County Sheriff's Equipment Fund shall issue.

*Demurrer sustained.*

JONES, P.J., and O'NEILL, J., concur.