THE STATE, EX REL. ROBUSKY, APPELLEE, *v.* CHICKO,
APPELLANT.

[Cite as State, ex rel. Robusky, v. Chicko, 17
Ohio St. 2d 1.]

(No. 68-350—Decided January 22, 1969.)

*Mr. Mark Sperry,* for appellee.

*Mr. William B. Saxbe,* attorney general, and *Mr. William J. Lee,* for appellant.

PAUL M. HERBERT, J. (Retired. Assigned to active duty under authority of Section 6(C), Article IV, Constitution.) The operative facts, conceded to be true for purposes of the demurrer, disclose that relator, Louis A. Robusky, was at all times herein, the Sheriff of Geauga County and that respondent, Chicko, was an examiner in the Bureau of Inspection and Supervision of Public Offices, state of Ohio.

The answer, in substance, alleges further that the relator, as Sheriff, had been making available to lawyers and to insurance agents, copies of accident reports for fees and depositing such fees in the "Equipment Fund."

Relator contends that the respondent does not have authority in law to require relator to make an accounting of the disposition of such fees.

The writ of prohibition allowed by the Court of Appeals prohibited the respondent-examiner from making an inspection of the records and documents of the "* * * Geauga County Sheriff's Equipment Fund."

Under the provisions of Section 117.03, Revised Code, the respondent-examiner is authorized and empowered to issue subpoena and compulsory process for the production of any books, papers or records of any public office.

The judgment of the Court of Appeals presents this question: Was it the lawful duty of the respondent, Chicko, to audit the money in the "* * * Sheriff's Equipment Fund for the period August 1st. 1960, to January 22, 1966," to issue subpoenas under the provisions of Chapter 117, Revised Code, and to determine, further, if the money in the equipment fund was included in the term "public money" as provided in Section 117.10, Revised Code?

The "accident reports" here involved are of statutory origin. Section 5502.11, Revised Code, reads:

"Every state highway patrolman, *sheriff*, deputy sheriff, police officer, or other law enforcement officer investigating a motor vehicle accident shall, within 5 days, forward a written report of such accident to the Director of Highways and a copy to the Director of Highway Safety * * *." (Emphasis added.)

It should be noted that the General Assembly gave specific directions to the Director of Highways and the Director of Highway Safety controlling the use to be made of such reports by the two designated officials. Section 5502.12, Revised Code. No such directions were given to the office of sheriff, although such "accident reports" were available to the sheriff by reason of his office. The relator, sheriff, decided to and did sell copies of these reports, but did not account for the money received from the sales of the reports. Such moneys were placed in a so-called "equipment fund." If the sheriff received pay for these reports (and he did), then such money most certainly came into his possession "under color of office."

Section 117.10, Revised Code, reads in part:

" 'Public money' as used in this section includes *all money received or collected under color of office,* whether in accordance with or under authority of any law, ordinance, order, *or otherwise,* and all public officials are liable therefor. All money received under color of office and not

4

otherwise paid out according to law is due to the political subdivision or taxing district with which the office is connected and shall be paid into the treasury thereof to the credit of a trust fund, and there retained until claimed by the lawful owner. If not claimed within a period of five years, such money shall revert to the general fund of the political subdivision where collected.'' (Emphasis added.)

The foregoing provisions of Section 117.10, Revised Code, which set out the duties of the office of Bureau of Inspection and Supervision of Public Offices, make it clear that the fees or money collected for these accident reports constitute ''public money'' and therefore are subject to audit by the bureau.

It follows that the judgment of the Court of Appeals was in error to the prejudice of the respondent when it allowed the writ in prohibition to issue.

The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL and SCHNEIDER, JJ., concur.

THOMAS M. HERBERT and DUNCAN, JJ., not participating.