114

WISE, APPELLEE, *v.* SUMMIT COUNTY BUDGET COMM.;
CITY OF TWINSBURG, APPELLANT.

(No. 73-274—Decided December 5, 1973.)

Mr. *Dennis Reimer*, for appellee.
Mr. *Edward C. Smolk*, director of law, for appellant.

WILLIAM B. BROWN, J. The question presented here is whether a county budget commission can certify a tax levy in excess of the rate required to produce the revenue set out in the tax budget of a municipality as necessary for its general fund operations.

R. C. 5705.341 provides, in its fourth paragraph:

"The Board of Tax Appeals shall forthwith consider the matter * * * to the end that no tax rate shall be levied above that necessary to produce the revenue set out in the budget of the taxing district or political subdivision as necessary for the ensuing fiscal year * * *."

R. C. 5705.341 provides further that:

"*Nothing* in this or any section of the Revised Code *shall permit or require the levying of any rate of taxation,* whether within the ten-mill limitation or whether the levy has been approved by the electors of the taxing district, the political subdivision or the charter of a municipal corporation in excess of such ten-mill limitation, *unless such rate of taxation for the ensuing fiscal year is clearly required by a budget* of the taxing district or political subdivision properly and lawfully advertised, adopted, and filed pursuant to the provisions of Sections 5705.01 to 5705.47, inclusive, of the Revised Code." (Emphasis added.)

When the budget commission certified the rate of taxation as 7 mills on January 10, 1973, it approved a rate that would generate $319,350 from the real estate tax for the general fund. The budget, as originally submitted in July 1972 pursuant to R. C. 5705.30, provided for revenue of $180,600 from the real estate tax levy. After submission, this latter amount was altered to read $319,600—apparently, because passage of the charter amendment in November removed the restriction on the use of part of the 7-mill levy.

When the commission certified a tax rate of 7 mills, it certified a rate of taxation that would produce an amount in excess of the amount required by the budget ($180,600). Such action by the commission contravened the clear provision of R. C. 5705.341 that "no tax rate shall be levied above that necessary to produce the revenue set out in the budget of the taxing district or political division as necessary for the ensuing fiscal year." R. C. Chapter 5705 establishes mandatory procedural steps to be followed by all local taxing units. Since the commission did not adhere to the requirements of R. C. 5705.341, its certification of the tax rate to Twinsburg was improper and unlawful.

Appellant contends that the 7-mill tax levy can be justified on the ground that (1) further sources of revenue became available as a result of the passage of the charter amendment, or (2) on the ground that the passage of the

charter amendment was a new levy that the commission must consider.

With regard to its first contention, appellant argues that the charter amendment provided sources of revenue for the general fund in addition to those available when the tax budget was submitted to the commission in July 1972; and that the commission could include such sources in certifying the tax levy to Twinsburg. Various decisions of this court are cited for that contention.

*Brook Park* v. *Budget Comm.* (1968), 16 Ohio St. 2d 119, and the other authorities cited by appellant refer to disputes regarding allocations of the local government fund.

That fund is entirely separate from, although not unrelated to, the general fund. The source and manner of allocation of the local government fund are different from those of the general fund. The source of the local government fund is the state. The revenues allocated from this fund are distributed among the counties by a set formula, and thereafter distributed by the respective county budget commissions, according to need, among the political subdivisions within the county. Such allocation is detailed in R. C. 5747.51. As this court explained in paragraph two of the syllabus in *Lake County Budget Comm.* v. *Willoughby Hills* (1967), 9 Ohio St. 2d 108:

"The need of a subdivision for revenue, in addition to what it has, is an essential requirement for any apportionment to that subdivision from the county undivided local government fund."

General fund revenues, on the other hand, are raised on the county level, pursuant to R. C. Chapter 5705, which deals with the tax levy. The allocation by the county budget commission is made, specifically, according to R. C. 5705.341.

The construction of R. C. 5705.341 prohibiting the certification of a tax levy in excess of the rate necessary to produce the revenues required by the budget is necessary to keep it in harmony with the other provisions of R.

C. Chapter 5705. That chapter requires a detailed tax budget established by local taxing authorities (R. C. 5705.28 and 5705.29). Then a public hearing on the budget preceded by notice is mandated by R. C. 5705.30. Further processing, review and correction by the commission are required before the proper tax rates are certified to the local units (R. C. 5705.31 to 5705.36). The whole spirit of public inspection and review that permeates this chapter would be frustrated if R. C. 5705.341 were read to allow changes in the budget without following the prescribed detailed procedures.

In support of appellant's second contention, that the charter amendement was a tax levy, it is claimed that, under R. C. 5705.25, such a levy can be placed on the duplicate of the current year.

R. C. 5705.25 provides, in pertinent part:

"A levy voted in excess of the ten-mill limitation under this section shall be certified to the Board of Tax Appeals. In the first year of such levy, it shall be extended on the tax lists after the February settlement next succeeding such election. If such additional tax is to be placed upon the tax list of the current year, as specified in the resolution providing for its submission, the result of the election shall be certified immediately after the canvass by the board of elections to the taxing authority, who shall forthwith make the necessary levy and certify it to the county auditor, who shall extend it on the tax list for collection. After the first year, the tax levy shall be included in the annual tax budget that is certified to the county budget commission."

That section does not apply to the charter amendment passed by Twinsburg because (1) there is no levy in excess of the ten-mill limitation involved; (2) the amendment did not constitute a levy, but was merely removal of a use restriction; and (3) the amendment did not function as a tax levy, as did the repeal of an exception to the sales and use tax in *Grabler Mfg. Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 23.

Section 6.01 of the Twinsburg Charter, before the November 1972 amendment, read:

"The power of council to levy taxes shall be subject to the limitations, requirements and allowances provided by the Constitution and laws of the state of Ohio, but shall include the right to levy taxes for all purposes of the municipality without a vote of the people which shall not exceed or accumulate beyond a maximum of seven (7) mills in any one year, *of which authorized millage in excess of 5.04 mills shall be annually allocated by Council for capital improvements as to proportional need among the fire, police and parks and recreation departments,* and which shall include the right to levy taxes upon such other subjects and for such other purposes that are lawful under the Constitution and laws of the state of Ohio." (Italicized words deleted in the charter amendment.)

This amendment constituted the removal of a capital improvements restriction on the use of revenue to be raised by a real estate tax levy; it was not a tax levy.

For the foregoing reasons, the decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and it is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and P. BROWN, JJ., concur.