Village of Waite Hill, Appellant, *v.* Budget Commission of Lake County, Appellee.

[Cite as Waite Hill v. Budget Comm. (1976), 46 Ohio St. 2d 543.]

(No. 76-9—Decided June 30, 1976.)

544

*Mr. Wayne E. Davis,* village solicitor, for appellant. *Mr. Paul H. Mitrovich,* prosecuting attorney, and *Mr. David J. Sternberg,* for appellee.

CORRIGAN, J.  The village of Waite Hill in this appeal seeks to require the Lake County Budget Commission to approve the tax levy outside the ten-mill limitation, which was authorized by the voters in 1972 for a period of five years.

It is clear that this controversy is controlled by R. C. 5705.341, which provides, in pertinent part:

"Nothing in this or any section of the Revised Code shall permit or require the levying of any rate of taxation, whether within the ten-mill limitation *or whether the levy has been approved by the electors of \* \* \* the political subdivision \* \* \* in excess of such ten-mill limitation unless such rate of taxation for the ensuing fiscal year is clearly required by a budget of the \* \* \* political subdivision* properly and lawfully advertised, adopted and filed pursuant to the provisions of Sections 5705.01 to 5705.47, inclusive, of the Revised Code."  (Emphasis added.)

This section imposes a specific duty on the budget commission to deny outside millage unless such revenue is manifestly required.  And, as this court held in *Wise* v. *Twinsburg* (1973), 36 Ohio St. 2d 114, a county budget commission is prohibited from certifying a tax levy which would produce revenue in excess of the revenue set out in the budget submitted by the municipality pursuant to R. C. 5705.30.  In this case, the voters of Waite Hill have not currently approved this levy outside the ten-mill limitation. Rather, the village council has used the authority given to it under the renewal of a previous year, as provided by R. C. 5705.26, to make an additional levy, and, as such, this action is subject to R. C. 5705.341.  There is no right

to levy outside the ten-mill limitation unless clearly required by the village's budget.

In the face of the undisputed facts, the village of Waite Hill has not shown the clear need in its budget for this additional levy. Accordingly, the decision of the Board of Tax Appeals is affirmed as being reasonable and lawful.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.