THE OHIO BELL TELEPHONE CO. *v.*
FERGUSON, AUDITOR, ET AL.

[Cite as Ohio Bell v. Ferguson (1980),
61 Ohio St. 2d 74.]

(No. 79-935—Decided January 23, 1980.)

---

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Charles E. Brown,* and *Mr. Ira Owen Kane,* for relator.

*Mr. William J. Brown,* attorney general, and *Ms. Cynthia E. Wayland,* for respondents.

*Per Curiam.* The writ of prohibition is an extraordinary writ and is issued only in cases of necessity arising from the inadequacy of other remedies. Three conditions must exist to support the issuance of the writ: (1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists. See, *e.g., State, ex rel. Bell,* v. *Blair* (1975), 43 Ohio St. 2d 95; *State, ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11; *State, ex rel. Masterson,* v. *Ohio State Racing Comm.* (1955), 164 Ohio St. 312.

Respondents allege that the power to issue the subpoena is by way of the statutory authority in R. C. 117.03, which grants a state examiner the power, *inter alia,* to issue a subpoena in an appropriate instance. Respondents fail to read that power in conjunction with the entirety of R. C. Chapter 117. R. C. 117.01 provides, in pertinent part:

"This section creates the bureau of inspection and supervision of public offices in the office of the auditor of state, which bureau shall inspect and supervise the accounts and reports of all state offices as provided in sections 117.01 to 117.19 of the Revised Code, including every state educational, benevolent, penal, and reformatory institution, public institution, and the offices of each taxing district or public institution in the state. The bureau may examine the accounts of every private institution, association, board, or corporation receiving public money for its use, and may require of them annual reports in such form as it prescribes.***"

Also relevant to this cause is R. C. 117.09,[2] which authorizes a biennial examination by the Bureau of Inspection and Supervision of Public Offices.

---

[2] R. C. 117.09(A) provides:

"The bureau of inspection and supervision of public offices shall examine each public office, department, or agency at least once every two years, except that the offices of judges of county courts shall be examined at such times as the bureau determines. On examination, inquiry shall be made into the methods, accuracy, and legality of the accounts, records, files, and reports of the office, whether the laws, ordinances, and orders pertaining to the office have been observed, and whether the requirements of the bureau have been complied with. Each examination shall cover the period beginning with the termination date of the period covered in the most recent audit."

It is uncontested that respondents' actions in issuing the subpoena in this case are in the exercise of a quasi-judicial power. *State, ex rel. Robusky, v. Chicko* (1967), 11 Ohio App. 2d 235, reversed on other grounds (1969), 17 Ohio St. 2d 1. This court has held that the R. C. 117.03 subpoena power is to be used to facilitate the comprehensive biennial examination required by R. C. 117.09, and is not to be used for "spot-check" investigations. *Lindley* v. *Ferguson* (1977), 52 Ohio St. 2d 60. Respondents have never contended that the subpoena was issued pursuant to such a biennial examination. Clearly, then, respondents have usurped any power they possess under R. C. 117.03.

We are not deciding, on the facts in this case, whether respondents may, as part of their statutory authority, conduct a comprehensive biennial examination of relator. It suffices for this cause that respondents' actions in issuing the subpoena are unauthorized by law since respondent bureau is not conducting a biennial examination under R. C. 117.09.

We find the writ of prohibition to be the proper remedy to challenge the authority of the State Examiner in issuing a subpoena pursuant to R. C. 117.03. See *State, ex rel. Robusky, supra.*

Based on the foregoing, the writ of prohibition is allowed.

*Writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, AND HOLMES, JJ., concur.

LOCHER, J., dissenting. The majority properly notes that a writ of prohibition is an extraordinary writ and should issue only in cases of extreme necessity arising from the inadequacy of other remedies.

In the instant cause, a declaratory judgment action or an injunction, or both, are available adequate remedies, which should deny the issuance of a writ.

This court has firmly established that it will refuse to issue the high prerogative writ of prohibition in any instance where there exists a plain and adequate remedy in the ordinary course of the law. *State, ex rel. Dormody, v. McClure* (1977), 50 Ohio St. 2d 335; *State, ex rel. Dayton, v. Kerns* (1977), 49 Ohio St. 2d 295; *Transairco* v. *Common Pleas*

*Court* (1976), 45 Ohio St. 2d 27; *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51; *State, ex rel. Peto,* v. *Thomas* (1970), 24 Ohio St. 2d 38.

Adequate remedies "at law" which deny the issuance of a writ of prohibition include equitable remedies such as injunction. *State, ex rel. Timken Roller Bearing Co.,* v. *Indus. Comm.* (1961), 172 Ohio St. 187.

The majority relies on the rationale of *Lindley* v. *Ferguson* (1977), 52 Ohio St. 2d 60, for the allowance of the writ in the instant cause, but fails to note that the remedies employed in that cause were declaratory judgment and injunction.

Based on the foregoing, the issuance of the writ of prohibition should be denied, because of the availability of an adequate remedy at law, such as declaratory judgment or injunction.