THE STATE, EX REL. GEAUGA COUNTY BUDGET COMMISSION, *v.* COURT OF APPEALS FOR GEAUGA COUNTY ET AL.

[Cite as State, ex rel. Geauga County Budget Comm., *v.* Court (1982), 1 Ohio St. 3d 110.]

(No. 81-660—Decided July 28, 1982.)

Mr. *Richard J. Makowski,* for relator.

Mr. *William J. Brown,* attorney general, and Mr. *Thomas V. Martin,* for respondent.

*Thrasher, Dinsmore & Dolan Co., L.P.A.,* and Mr. *Dale H. Markowitz,* for intervening respondent James Patterson.

*Per Curiam.* In *Ohio Bell* v. *Ferguson* (1980), 61 Ohio St. 2d 74, 76 [15 O.O.3d 117, 118], this court held that the issuance of a writ of prohibition is dependent upon the existence of the following conditions: "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." See, also, *State ex rel. Henry,* v. *Britt* (1981), 67 Ohio St. 2d 71 [21 O.O.3d 45]; *State, ex rel. Wall,* v. *Grossman* (1980), 61 Ohio St. 2d 4 [15 O.O.3d 2].

All parties concede that respondent is about to exercise judicial power. Therefore, the issue presented is whether the respondent court, by proceeding with the action in mandamus, will exercise jurisdiction unauthorized by law resulting in injury for which no adequate remedy exists.

Our initial inquiry begins with R.C. 5703.02, which provides, in pertinent part:

"There is hereby created the board of tax appeals, which shall exercise the following powers and perform the following duties:

"(A) Exercise the authority provided by law *to hear and determine all appeals of questions of law and facts arising under the tax laws of this state in appeals from decisions, orders, determinations, or actions of any tax administrative agency* established by the law of this state, *including* but not limited to appeals from:

"(1) *Actions of county budget commissions* * * *." (Emphasis added.)

Relator argues that the review of county budget commission actions, regarding the certification of voter approved tax levies, is vested in the Board of Tax Appeals, pursuant to R.C. 5703.02, 5705.341, and 5705.37.

R.C. 5705.341 provides, in part:

"Any person required to pay taxes on real, public utility, or tangible personal property in any taxing district or other political subdivision of this state may appeal to the board of tax appeals from the action of the county budget

commission of any county which relates to the fixing of uniform rates of taxation and the rate necessary to be levied by each taxing authority within its subdivision or taxing unit and which action has been certified by the county budget commission to the taxing authority of any political subdivision or other taxing district within the county.

"Such appeal shall be in writing and shall specify * * * the tax rate complained of and the reason that such a tax rate is not necessary to produce the revenue needed by the taxing district or political subdivision for the ensuing fiscal year as those needs are set out in the tax budget of said taxing unit *or that the action of the budget commission appealed from does not otherwise comply with sections 5705.01 to 5705.47 of the Revised Code.* * * *

"* * *

"*The board of tax appeals shall forthwith consider the matter presented on appeal from the action of the county budget commission and may modify any action of the commission with reference to the fixing of tax rates,* to the end that no tax rate shall be levied above that necessary to produce the revenue set out in the budget of the taxing district or political subdivision as necessary for the ensuing fiscal year and *to the end that the action of the budget commission appealed from shall otherwise be in conformity with sections 5705.01 to 5705.47 of the Revised Code.* * * *" (Emphasis added.)

Similarly, R.C. 5705.37 provides, *inter alia,* for appeals by the taxing authority of any subdivision, through its fiscal officer, which is dissatisfied with any action of the county budget commission under R.C. 5705.01 to 5705.47.

Intervening respondent argues that R.C. 5705.341 provides an avenue of appeal to the board on questions relating to the mathematical uniformity of rates of taxation, and not in the cause currently pending before the respondent court concerning the refusal of a budget commission to approve a levy for collection. We reject this contention as constituting an artificially narrow interpretation of R.C. 5705.341 and conclude that since a taxpayer's notice of appeal may specify that the action the budget commission appealed from "does not otherwise comply with sections 5705.01 to 5705.47 of the Revised Code," intervening respondent was entitled to appeal any action of the budget commission thought not to comply with these provisions of the Revised Code.

Intervening respondent further contends that the respondent court possesses the requisite jurisdiction to proceed with the action in mandamus, based upon our previous holdings in *State, ex rel. Bd. of County Commrs.,* v. *Austin* (1953), 158 Ohio St. 476 [49 O.O. 407], and *Morgan County Budget Comm.* v. *Bd. of Tax Appeals* (1963), 175 Ohio St. 225 [24 O.O.2d 340]. Examination of these cases, however, reveals they are clearly inapplicable to the cause *sub judice.*

In *Austin,* a county budget commission refused to approve a tax levy for collection and, further, refused to certify its action to the county commissioners. As a result, the commissioners instituted an action in mandamus in

the Court of Appeals for Lucas County seeking an order requiring the budget commission to approve the levy. The Court of Appeals granted the writ and, on review, the budget commission asserted "that a taxing authority which is dissatisfied with an action of the budget commission may appeal to the Board of Tax Appeals within 30 days after receiving the certificate of the commission." *Id.* at 478.

This court rejected the commission's argument, stating:

"A remedy at law is adequate only where it is available when needed. Here, before relator could have appealed to the Board of Tax Appeals, it would first have had to resort to an action in mandamus to procure the certificate on which its appeal to the board would be predicated. In this situation, therefore, relator was not precluded from instituting its action for mandamus in the Court of Appeals." *Id.*

In the case at bar, relator issued a certificate, pursuant to R.C. 5705.34, and hence, intervening respondent was afforded the opportunity to appeal within 30 days by virtue of R.C. 5705.341.

*Morgan* involved a *direct order* issued by the board to a county budget commission to correct and adjust its budget. The order resulted from an application filed requesting the board to exercise its supervisory and investigatory powers. This court vacated the order, stating that "[t]here is no statutory provision for an application to the Board of Tax Appeals which might result in an order relating to the levy of taxes." *Id.* at 229. We emphasize, however, that the board is expressly authorized to review budget commission actions relative to the refusal to allow the collection of a tax levy when exercising its adjudicatory powers in appeals filed pursuant to R.C. 5705.341 and 5705.37. Cf. *Waite Hill* v. *Budget Comm.* (1976), 46 Ohio St. 2d 543 [75 O.O.2d 558]; *Wise* v. *Twinsburg* (1973), 36 Ohio St. 2d 114 [65 O.O.2d 303].

This court has previously recognized that where the General Assembly has enacted a complete, comprehensive and adequate statutory scheme governing review by an administrative agency, exclusive jurisdiction may be held to lie with such an agency. See, *e.g., State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6 [52 O.O.2d 29]; *State, ex rel. Ohio Bell Telephone Co.,* v. *Court* (1934), 128 Ohio St. 553 [1 O.O. 99]. After a careful review and examination of the comprehensive scheme contained in R.C. 5703.02, 5705.341, and 5705.37, we conclude that the intention of the General Assembly was to vest initial review of budget commission actions over certification of tax levies for collection within the Board of Tax Appeals. As such, we hold that the action of the respondent Court of Appeals is unauthorized by law and constitutes a usurpation of judicial power.

Additionally, we conclude that the availability of an adequate remedy at law is of no consequence in light of the respondent's unambiguous lack of jurisdiction. *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326 [59 O.O.2d 387].

Accordingly, since all of the requirements justifying the issuance of a writ of prohibition exist, the writ is hereby allowed.

*Writ allowed.*

SWEENEY, Acting C.J., STEPHENSON, VICTOR, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

STEPHENSON, J., of the Fourth Appellate District, sitting for CELEBREZZE, C.J.

VICTOR, J., of the Ninth Appellate District, sitting for W. BROWN, J.