VILLAGE OF SOUTH RUSSELL, APPELLANT, *v.*
BUDGET COMMISSION OF GEAUGA COUNTY ET AL., APPELLEES.

[Cite as South Russell *v.* Geauga Cty. Budget Comm. (1984),
12 Ohio St. 3d 126.]

(No. 83-813—Decided July 18, 1984.)

*Thrasher, Dinsmore & Dolan, Mr. Dale H. Markowitz* and *Mr. David M. Ondrey,* for appellant.

*Mr. Craig S. Albert,* prosecuting attorney, for appellees.

*Per Curiam.* Three issues are presented by this appeal. The first question is whether a county budget commission has the authority to completely

decline to certify, or to modify a health levy approved by the electorate of the district. Second, the query is whether the Board of Tax Appeals has the authority to require a county budget commission to certify a voted tax levy where the period for such tax levy has expired. The third issue, which this court raises *sua sponte,* is whether the village of South Russell had properly invoked the jurisdiction of the Board of Tax Appeals from the denial of the budget commission to certify the tax levy for the remaining years as approved by the electorate.

I

The primary issue presented here is the extent of authority which a county budget commission possesses in its review and certification of county health department budgets and levies as specifically involved in this case. The consideration of this issue necessarily involves an integral review of the general statutory authority granted to budget commissions in Ohio.

The county budget commission, composed of the county auditor, the county treasurer, and the prosecuting attorney of the county (R.C. 5705.27), is a statutorily created administrative and ministerial body. Its function is generally to review the tax budget of the county and to certify for collection the appropriate taxes among the various subdivisions and other taxing units within the county.[2]

Pursuant to R.C. 5705.28, the taxing authority of each subdivision or other taxing unit within the county is required to adopt a tax budget for the following fiscal year, based upon estimates of contemplated revenue and expenditures filed with the taxing authority by each governmental agency entitled to participate in the tax revenues of such subdivision. All such budgets are filed with the county auditor pursuant to R.C. 5705.30 on or before the 20th day of July, or at such later time as may be prescribed by the Tax Commissioner. The county auditor thereafter presents the annual tax budgets submitted to him to the county budget commission along with his estimates of the amount of any state levy, and the rates of any school tax levies. R.C. 5705.31.

The latitude of the county budget commission review of the tax budgets of the subdivisions is provided by statute and varies with the particular type of taxes involved. The commission is required by R.C. 5705.31 to examine each budget and ascertain the total amount proposed to be raised in the county for purposes of each subdivision and the taxing units therein. In general, by way of R.C. 5705.32, the commission is permitted to adjust estimated amounts required from the general property tax for each fund as shown by the budgets so as to bring the tax levies within the limitations specified under R.C. 5705.01 to 5705.47.

However, a number of provisions of the tax levy law establish specific

---

[2] See *State, ex rel. Toledo,* v. *Cooper* (1917), 97 Ohio St. 86; 51 Ohio Jurisprudence 2d (1962) 338, Taxation, Section 276.

limitations upon the authority of the budget commission to alter or adjust the levies as submitted to them. There are sections of law providing that the commission shall not *modify* certain levies, and other provisions which provide that the commission shall not *reduce* certain specified levies. Accordingly, the commission may not fix, reduce, increase, or in any manner change the sums levied by law for state purposes. *State, ex rel. Donahey,* v. *Edmondson* (1913), 89 Ohio St. 93, paragraph two of the syllabus; *State, ex rel. Dayton,* v. *Patterson* (1915), 93 Ohio St. 25, 30. Further, as to a school district, the budget commission when acting under R.C. 5705.31 or 5705.32 shall not reduce the rate of any additional levy below a certain rate set forth in R.C. 5705.341.

More importantly to the issue presented in the case *sub judice,* when reviewing certain levies and after ascertaining that such have been properly authorized, the budget commission is mandated by R.C. 5705.31 to approve the levies without modification. The levies set forth in this section include:

"(A)   All levies in excess of the ten-mill limitation;
"* * *
"(E)   The levies prescribed by section 3709.29 of the Revised Code."

Further, the General Assembly has emphasized within R.C. 5705.31 that these particular levies are not to be altered by the budget commission. Division (F) of that provision states that "Divisions (A), (B), (C), (D), and (E) of this section are mandatory and commissions shall be without discretion to reduce such minimum levies except as provided in such divisions. * * *"

The health district levy in question here was created pursuant to R.C. 3709.29.[3] The Board of Health of Geauga County certified to the county commissioners that the health district's estimated expenses would be greater than the amount of money available for taxes within the ten-mill limitation. The commissioners thereafter resolved that such taxes would indeed be insufficient and that a levy in excess of the ten-mill limitation was necessary. There appears to be no dispute that the resolution was filed with the local board of elections, lawfully advertised and placed before the electorate in November 1977, approved by the necessary majority, and subsequently certified by the budget commission for collection in the first year of the levy.

The question presented at this point is the extent of review by the budget commission of whether such levy had been "properly authorized," as such phrase is set forth in R.C. 5705.31. This court, in *State, ex rel. Bd. of County Commrs.,* v. *Austin* (1953), 158 Ohio St. 476 [49 O.O. 407], a case in which the commission refused to certify a levy approved by the voters for the erection

---

[3] Boards of health of general health districts receive their annual revenues pursuant to R.C. 3709.28; which provides that the districts adopt, and submit, itemized appropriations to the county auditor who, in turn, submits them to the budget commission of the county. Under the terms of such section the budget commission "may reduce any item in such appropriation measure but may not increase any item or the aggregate of all items."

of a county home, determined at 480 that the meaning of the phrase "properly authorized," as employed in G.C. 5625-23 (currently R.C. 5705.31), is:

"* * * that such tax is one which the taxing authority had the power to impose, either by its own action or by vote of the people, and that the enactment of the measure imposing the tax was in compliance with statutory requirements."

In its opinion, the court explained its rationale by stating:

"Respondents do not deny that in its inception the tax involved was within the power of the taxing authority to levy and that in the enactment levying it all the necessary procedural steps were taken.

"Under the above statute, that is all the budget commission could determine. Once having determined and recognized that, it was its duty to include such tax in the budget. By the statute, the power of the budget commission cannot be extended to determine whether the use of such funds comes within the purpose of the enactment by which such tax was created." *Id.* at 480-481.

Accordingly, this court in *Austin* held that even though the purpose of the levy outside of the ten-mill limitation had been accomplished, *i.e.,* the completion of a new county home, the full five-year period of the levy as voted by the electorate must be certified by the budget commission.

The Budget Commission of Geauga County does not question the general power of the county commissioners pursuant to R.C. 3709.29 to adopt a resolution and place a health levy outside the ten-mill limitation upon the ballot. Nor, as stated, is there any question raised as to the necessary procedural steps having been taken relative to the election process involved with such levy. However, the budget commission argues that the specific health levy involved here had not been "properly authorized" by the county commissioners and, not having been properly authorized, the budget commission was mandated by R.C. 5705.341[4] to decline certification even though the levy had been approved by the voters. In this regard, the budget commission sets forth the proposition that the health levy was improperly authorized in that the county commissioners had no legal authority to adopt the resolution affirming the insufficiency of funds within the ten-mill limitation to operate the health programs of the county and to declare the necessity to levy a tax outside of the ten-mill limitation to provide for the budget of the health district.

In support of the aforestated position, the budget commission argues that R.C. 5705.05[5] provides that all inside millage monies for current ex-

---

[4] R.C. 5705.341 states in pertinent part:

"Nothing in this or any section of the Revised Code shall permit or require the levying of any rate of taxation, whether within the ten-mill limitation or whether the levy has been approved by the electors of * * * the political subdivision * * * in excess of such ten-mill limitation, unless such rate of taxation for the ensuing fiscal year is clearly required by a budget of the * * * political subdivision properly and lawfully advertised, adopted and filed pursuant to the provisions of sections 5705.01 to 5705.47 of the Revised Code."

[5] This section in pertinent part states:

penses of the county must first be used for those purposes enumerated in divisions A through G of such section, which would include under division C, "[t]he amounts necessary for boards and commissioners of health, and other special or district appropriating authorities deriving their revenue in whole or in part from the subdivision."

The budget commission argues further that after all inside millage monies are applied to such uses, and no funds are available for other general purposes as set forth in the first paragraph of R.C. 5705.05, then, and only then, a levy would be appropriate to obtain monies outside of the ten-mill limitation. Continuing, the budget commission argues that in 1978 there was no insufficiency in Geauga County of money within the ten-mill limitation in any subdivision and, since no insufficiency existed, the county commissioners could not properly levy a tax in excess of such limitation.

The budget commission, in arguing that it had the authority to omit the levy here, relies primarily upon the legal principles set forth by this court in *Wise* v. *Twinsburg* (1973), 36 Ohio St. 2d 114 [65 O.O.2d 303], and *Waite Hill* v. *Budget Comm.* (1976), 46 Ohio St. 2d 543 [75 O.O.2d 558]. In both cases, the particular subdivisions had levies in excess of the ten-mill limitation approved by the voters and, in both instances, the budget commissions of the counties involved declined to certify the levies upon the basis that the budgets submitted by the municipalities set forth expenditures which were less than the amounts to be generated by the levies. The Board of Tax Appeals, and this court, approved the action of the budget commission. In *Twinsburg* we held that a county budget commission is prohibited by R.C. 5705.341 from certifying a tax levy which would produce revenues in excess of the budget submitted by the municipality. In *Waite Hill,* this court reaffirmed *Twinsburg* and held that R.C. 5705.341 imposes a specific duty on the budget commission to deny outside millage unless such revenue is clearly required by the budget of the taxing district or subdivision.

In the context of South Russell's argument concerning the meaning of the phrase "properly authorized," as set forth in R.C. 5705.31, when read *in pari materia* with R.C. 5705.341, there is significant question whether the continuation of the five-mill levy in *Austin* after the completion of the project involved would comport with the requirement that the rate of taxation must be shown to be "clearly required" by the budget of the taxing district or subdivision.

Pursuant to R.C. 5705.341, a budget commission does now have a greater role of inspection and review of the tax levies contained in the

---

"* * * Without prejudice to the generality of the authority to levy a general tax for any current expense, such general levy shall include:

"(A) The amounts certified to be necessary for the payment of final judgments;

"(B) The amounts necessary for general, special, and primary elections;

"(C) The amounts necessary for boards and commissioners of health, and other special or district appropriating authorities deriving their revenue in whole or in part from the subdivision."

budgets presented to it than was required or permitted at the time of this court's pronouncement in *Austin*. Currently, the phrase "properly authorized," as employed in R.C. 5705.31, requires the budget commission to determine that such tax is one which the taxing authority had the power to impose, either by its own action or by vote of the people, and that the enactment of the measure imposing the tax was in compliance with statutory requirements. Additionally, the term encompasses the requirement that the budget commission determine whether any rate of taxation is clearly required by the budget of the taxing district or the political subdivision. We hold this latter consideration to include the determination of whether the funds to be derived from a levy approved for a specific purpose are indeed budgeted for that purpose.

In a review of the facts of this case, there is nothing presented in the record to show that the five-year levy as applied for by the board of health, and approved by the county commissioners, was not properly authorized.

First, we conclude that the proposition advanced by the budget commission that R.C. 5705.05 requires all of the inside millage monies for current expenses be used first for those purposes enumerated in subsections A through G, has little merit. This section is not reasonably capable of the interpretation as argued by the commission. It would seem clear to us that where the electorate of a district has enacted a levy outside of the ten-mill limitation, the amount necessary for the operation of the district is lawfully determined by taking into account the added revenue which will be generated by the outside levy. The voters, by approving the levy, have provided an additional source of income in addition to the inside millage revenues. In this regard, we hold that the levy being discussed here was properly authorized by the county commissioners.

Second, the budget submitted to the county commissioners at the time of the original request for the levy, and the budgets presented for the additional years of the levy approved by the electorate, set forth the amounts to be generated by the levy within the budget's itemization of the expenditures for health district purposes. We hold such action was in compliance with the requirements of R.C. 5705.341. Under this section of the tax levy law, the phrase "clearly required by a budget" does not require, nor grant, the authority to a budget commission to make a judgment call on the desirability of programs of the health district, or in this sense to determine the "need" of the district for the sums as set forth in the budget as submitted. The review of the budget commission of tax levies is one basically of whether there has been excessive taxation, *i.e.,* will the tax generate more funds than shown to be needed within the budget of the district or subdivision, and whether the funds are budgeted for the appropriate purpose as voted by the electorate.

We conclude that under the facts shown by the record in this case, the health district levy was properly authorized in every respect and, being so properly authorized, should have been approved without modification by the Budget Commission of Geauga County for the years 1979, 1980, 1981, and 1982.

## II

As to the second issue presented, that of whether the Board of Tax Appeals had the jurisdiction to provide the relief sought beyond the period of the authorization of the levy as passed by the electorate, we answer in the affirmative based upon our prior holding in *State, ex rel. Geauga County Budget Comm., v. Court* (1982), 1 Ohio St. 3d 110. In that case, this court in granting prohibition of a taxpayer's mandamus action held that the Board of Tax Appeals had exclusive jurisdiction to determine whether the budget commission had improperly refused to certify the specific health levy which is again involved in this case.

R.C. 5705.37 provides that the Board of Tax Appeals has the authority to "modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates." The "modification" of the budget commission's actions in this case that was sought by the village of South Russell was the collection of the voter-approved health levy. If it was improper for the budget commission to refuse to certify said levy for collection in the first place, then obviously the proper modification to such a refusal was to order collection of the uncollected years forthwith. Clearly, the board had the power under R.C. 5705.341 to make such an order.

The judicial authority of the board must logically extend to the means necessary to correct whatever errors it finds. R.C. 5705.341 expressly recognizes this fact. Likewise, this court has acknowledged the board's power of review relative to budget commissions' refusals to allow collection of tax levies. *Waite Hill* v. *Budget Comm., supra,* and *Wise* v. *Twinsburg, supra.* Finally, the statutory framework would have no substance if the board could not require such modification as requested in this instance. Thus, the Board of Tax Appeals had the requisite power to require the Geauga County Budget Commission to certify the levy for collection.

## III

We next address the issue raised *sua sponte* by this court and that is whether the village of South Russell has properly invoked the appellate jurisdiction of the Board of Tax Appeals for the years 1980, 1981 and 1982. As previously noted, counsel for the village did not file a notice of appeal to the board for those years.

R.C. 5705.37 requires the taxing authority of any subdivision to file a notice of appeal to the Board of Tax Appeals within thirty days after receiving notice of the alleged unlawful action taken by a county budget commission.

The village argues that to file such notices on the same issue year after year, and after the commission refused to collect the levy, would be onerous and futile. We disagree. In this type of situation, the policy behind R.C. 5705.37 is to provide the Board of Tax Appeals with notice of a suit brought before it. Without the notice being filed for each year in question, management of the board's docket would be difficult. While we do not seek to be hypertechnical, we also do not wish to place such a burden on the board.

134

Therefore, pursuant to R.C. 5705.37, the taxing authority of a subdivision must file a notice of appeal to the Board of Tax Appeals in each year that an action taken by a county budget commission is questioned.

In conclusion, the decision of the Board of Tax Appeals is hereby reversed concerning the tax levy for the year 1979.

*Decision reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J.P. CELEBREZZE, JJ., concur.