DECISION
{¶ 1} Relator, Gary Russell, has filed an original action seeking a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order which denied him relief pursuant to R.C. 4123.522 and find he is entitled to such relief because he did not receive a copy of the order of the Ohio Bureau of Workers' Compensation ("BWC"), mailed January 28, 2002, which denied relator's request for temporary total disability ("TTD") compensation.
 {¶ 2} Relator contends respondent abused its discretion by denying relief pursuant to R.C. 4123.522. The BWC's order denied TTD compensation to relator because he had not met his burden of proof. An order notifying relator of the BWC's decision was mailed on January 28, 2002. Relator did not file an appeal of the order. On May 9, 2002, relator filed an online request for "522/.22 relief" providing that he had not received notification of the order.
 {¶ 3} Relator filed the instant action seeking a writ of mandamus. This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Loc.R. 12(M), of the Tenth District Court of Appeals. On January 27, 2003, the magistrate rendered a decision including findings of facts and conclusions of law. (Attached as Appendix A.) The magistrate concluded relator could prove no facts to demonstrate the commission abused its discretion in denying him relief pursuant to R.C. 4123.522. As such, the magistrate recommended relator's request for a writ of mandamus be denied. To demonstrate entitlement to a writ of mandamus, relator must establish he has: (1) a clear legal right to relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that there is no plain and adequate remedy in the ordinary course of law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28. See, also, Ohio Bell v. Ferguson (1980), 61 Ohio St.2d 74, 76.
 {¶ 4} R.C. 4123.522 states in pertinent part:
 {¶ 5} "The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for orders issued under divisions * * * of the Revised Code. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 {¶ 6} "If any person to whom notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person."
 {¶ 7} If a party contends the notice was not received, R.C. 4123.522
requires the following be proven: (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control; (2) the failure of notice was not due to the party's or the party's representative's fault or neglect; and (3) neither the party nor the party's representative had prior knowledge of the information contained in the notice. See State ex rel. LTV Steel Co. v. Indus. Comm. (2002), 88 Ohio St.3d 284.
 {¶ 8} In the present case, relator claims he did not receive notification of the BWC's order because it was mailed to the wrong address. On January 8, 2002, relator filed an initial application for workers' compensation benefits, which listed his address as 705 Clement Street, Dayton, Ohio. On January 11, 2002, relator filed a C-84 form to receive TTD compensation which listed his address as 5687 Hackett, Dayton, Ohio. On January 28, 2002, BWC mailed a copy of the order denying TTD to relator's address at 705 Clement Street, Dayton, Ohio. On May 9, 2002, relator filed a change of address notification informing the BWC of his new address at 5687 Hackett, Dayton, Ohio. The notification stated his change of address was effective as of April 30, 2002.
 {¶ 9} Relator cannot be absolved of fault or neglect in this matter simply because he provided the BWC with two different addresses on two separate forms. It is reasonable to believe the BWC would make use of the first address provided by the relator. An official notification of an address change was not received until May 9, 2002, a full two months after the BWC's order was mailed to relator. Relator is unable to prove his failure to receive notice by mail was due to circumstances beyond his control or the failure to receive notice was not due to his own neglect. Therefore, relator's appeal does not persuade us that he is entitled to relief.
 {¶ 10} Following an independent review pursuant to Civ.R. 53, we find the magistrate properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of facts and conclusions of law contained in it. In accordance with the magistrate's decision, the requested writ of mandamus is denied.
Writ of mandamus denied.
BOWMAN and KLATT, JJ., concur.
 APPENDIX A IN MANDAMUS {¶ 11} Relator, Gary Russell, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied him relief pursuant to R.C. 4123.522 and to find that he is entitled to such relief because he did not receive a copy of the order of the Ohio Bureau of Workers' Compensation ("BWC") mailed January 28, 2002, which denied relator's request for temporary total disability ("TTD") compensation.
 Findings of Fact: {¶ 12} 1. Relator filed a first report of an injury with the BWC indicating that he fell from the back of a dump truck while he was loosening up wood chips in preparation to unload them and that he injured his back and his left knee. The form itself, dated December 27, 2001, indicates that relator's injury occurred on December 26, 2001, and lists relator's address as 705 Clement Street, Dayton, Ohio 45417.
 {¶ 13} 2. Relator submitted a C-84 form seeking the payment of TTD compensa-tion from December 31, 2001 to an estimated return-to-work date of February 6, 2002. Relator signed his portion of the form on January 9, 2002, and his physician, Dr. Martin J. Schear, signed his portion of the form on January 11, 2002. On the C-84 form, relator listed his address as 5087 Hackett, Dayton, Ohio 45418.
 {¶ 14} 3. By order mailed January 28, 2002, the BWC denied relator's application for TTD compensation upon a finding that relator had not met his burden of proof. The BWC order lists relator's address on Clement Avenue, Dayton, Ohio 45408.
 {¶ 15} 4. Relator submitted a change of address notification form signed by him on May 9, 2002. That form indicates that his new address was 5087 Hackett Drive. The form also indicates that the effective date of the address change is April 30, 2002.
 {¶ 16} 5. On May 9, 2002, relator filed an on-line request for relief pursuant to R.C. 4123.522 for the following reasons: "I did not receive the BWC order because it was mailed to an incorrect address. I request that the Appeal filed on 05/09/2002 be deemed timely."
 {¶ 17} 6. Also on May 9, 2002, relator filed an appeal challenging the prior BWC order.
 {¶ 18} 7. Relator's request for relief pursuant to R.C. 4123.522
was heard before a staff hearing officer ("SHO") on July 16, 2002, and resulted in an order denying the request for the following reasons: "A copy of the Administrator's findings mailed 1/28/02 was properly mailed to the correct address of injured worker and to the correct address of injured worker's representative."
 {¶ 19} 8. Thereafter, relator filed the instant mandamus action in this court.
 Conclusions of Law: {¶ 20} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983), 6 Ohio St.3d 28.
 {¶ 21} In the present case, the BWC issued an order denying relator's application for TTD compensation. This order was mailed on January 28, 2002. Relator did not appeal this order. Thereafter, on May 9, 2002, relator filed a motion pursuant to R.C. 4123.522 indicating that he had not received the BWC order because it had been mailed to an incorrect address.
 {¶ 22} R.C. 4123.522 provides, in pertinent part, as follows:
 {¶ 23} "The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * *. An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 {¶ 24} "If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person."
 {¶ 25} Pursuant to R.C. 4123.522, the party alleging the failure to receive notice must first prove that: (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control; (2) the failure of notice was not due to the party's or the party's representative's fault or neglect; and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. See State ex rel. LTV Steel Co. v. Indus. Comm. (2000), 88 Ohio St.3d 284.
 {¶ 26} In the present case, relator's request for relief pursuant to R.C. 4123.522 simply states that he did not receive the BWC order because it was mailed to an incorrect address. However, it was not until May 9, 2002, that relator filed a change of address notification informing the BWC that he had changed his address. Furthermore, that change of address notification indicated that it was effective April 30, 2002. The BWC order in question was mailed on January 28, 2002, several months before relator filed a change of address notification with the BWC. Although relator did provide the Hackett street address on his C-84 form, he had not taken any steps to inform the BWC that his address had changed and, even when he did, the change was not effective until April 30, 2002.
 {¶ 27} Based upon review of the record, relator did not show this failure to receive notice was due to circumstances beyond his control or that the failure to receive the notice was not due to his own neglect. Although relator is correct to assert that he was not represented by counsel at that time, and that the commission's statement that notice had been mailed to his representative was inaccurate, he still has not overcome the presumption of notice receipt arising under the "mail box rule" of R.C. 4123.522 as he presented no evidence that his failure to receive notice was due to circumstances beyond his control or that it was not due to his own fault or neglect.
 {¶ 28} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying him relief under R.C. 4123.522 and this court should deny relator's request for a writ of mandamus.