[Cite as *Rucker v. Fankhauser*, 2025-Ohio-1606.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| MARIAH DOMINIQUE RUCKER,<br><br>Relator,<br><br>- vs -<br><br>JUDGE MARK FANKHAUSER, et al.,<br><br>Respondents. | CASE NO. 2025-P-0005<br><br>Original Action for Writs of Prohibition and Mandamus |

## PER CURIAM OPINION AND JUDGMENT ENTRY

Decided: May 5, 2025
Judgment: Petition dismissed

*Mariah Dominique Rucker*, pro se, 3328 Euclid Avenue, Apt. 404, Cleveland, OH 44115 (Relator).

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Portage County Respondents).

*David L. Nott*, City of Streetsboro Law Director, 9184 State Route 43, Streetsboro, OH 44241 (For City of Streetsboro Respondents).

PER CURIAM.

{¶1} Mariah Dominique Rucker initiated this action on February 21, 2025, and subsequently filed an "Amended Original Action Complaint for Writs of Prohibition, Mandamus, and Stay of Proceedings" against multiple named officials of Portage County, Ohio, and the City of Streetsboro. Rucker's amended complaint stems from a criminal proceeding in the Portage County Municipal Court.

{¶2}    The matter is now before this court on two motions to dismiss Rucker's amended complaint: a joint motion filed by the county officials (Judge Mark Fankhauser, Public Defender Alan Ellis, and Prosecutors Paul Hanus, Marybeth Kiah, and Connie Lewandowski) and a joint motion filed by the city officials (Prosecutor Paul Janis, Police Chief Patricia Wain, and Officers Gene Larson and Scott Hermon).

*Writ of Mandamus*

{¶3}    Rucker seeks a writ of mandamus "compelling the immediate release of the full, unaltered bodycam footage."  Rucker alleges that "Defendants-Respondents withheld the 911 call, bodycam footage, and victim's father's memo during pre-conviction, violating Brady v. Maryland" and that she "has repeatedly requested the release of this exculpatory evidence."

{¶4}    Rucker's mandamus action is subject to dismissal for failure to comply with R.C. 2731.04 because she did not bring her petition "in the name of the state on the relation of the person applying."  *See Page v. Geauga Cty. Prob. & Juv. Ct.*, 2023-Ohio-2491, ¶ 2.  Although this issue was raised in the motions to dismiss, Rucker did not seek leave to amend her complaint to comply with R.C. 2731.04.  Accordingly, we must grant the motions to dismiss Rucker's mandamus action on this basis.  *See Blankenship v. Blackwell*, 2004-Ohio-5596, ¶ 36, citing *Litigaide, Inc. v. Lakewood Police Dept. Custodian of Records*, 75 Ohio St.3d 508 (1996).

*Writ of Prohibition*

{¶5}    Rucker seeks a writ of prohibition against Judge Fankhauser "to prevent the trial court from proceeding with the scheduled expungement hearing and from issuing an unlawful arrest warrant for nonattendance."  Rucker alleges that the judge "scheduled an

Case No. 2025-P-0005

expungement hearing without [her] request, attempting to block appellate review of the wrongful conviction" and "threatened an arrest warrant for nonattendance despite lacking jurisdiction over this matter." Rucker argues that although she filed a motion requesting the judge to "vacate, dismiss, and expunge" her conviction, the judge does not have authority to hold an expungement hearing. In essence, she contends that her conviction must be vacated or dismissed, not merely expunged.

{¶6} To state a claim in prohibition, a relator must allege facts showing that "(1) the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power; (2) the exercise of such power is unauthorized by law; and (3) it will result in injury for which no other adequate remedy exists." *Ohio Bell Tel. Co. v. Ferguson*, 61 Ohio St.2d 74, 76 (1980).

{¶7} R.C. 2953.32 provides the authority for Judge Fankhauser to hold a hearing on a request for expungement. *See* R.C. 2953.32(C) ("Upon the filing of an application under this section [for the sealing or expungement of the record of a case], the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application not less than sixty days prior to the hearing."). Moreover, Rucker has an adequate remedy at law either by way of withdrawing her specific request for expungement or by way of an appeal from Judge Fankhauser's eventual ruling on her motion to "vacate, dismiss, and expunge." Therefore, under Civ.R. 12(B)(6), we grant the motion to dismiss Rucker's prohibition action for failure to state a claim upon which relief can be granted.

*Request for Stay*

{¶8}   Finally, Rucker has requested an order staying all lower court proceedings. She alleges that "[t]he trial court has no authority to proceed while this appeal is pending" and that a stay "is necessary to prevent conflicting rulings and protect [her] appellate rights." In support of her request, Rucker cites App.R. 7, the Ohio Rule of Appellate Procedure that governs stays pending appeal. However, original actions filed in this court are governed by the Ohio Rules of Civil Procedure, as supplemented by this court's local rules. Eleventh Dist.Loc.R. 1(B). As such, Rucker's reliance on App.R. 7 is misplaced in the context of this original action.

{¶9}   For the foregoing reasons, we grant the motions to dismiss, dismiss Rucker's original action, deny Rucker's request for a stay, and overrule all other pending motions.

{¶10}  Petition dismissed.


MATT LYNCH, J., JOHN J. EKLUND, J., EUGENE A. LUCCI, J., concur.

Case No. 2025-P-0005

# JUDGMENT ENTRY

For the reasons stated in the per curiam opinion of this court, respondents' motions to dismiss are granted, relator's original action is dismissed, and her request for a stay is denied.

All other pending motions are hereby overruled.

Costs to be taxed against relator.

In accordance with R.C. 2323.311(B)(3) and Eleventh Dist.Loc.R. 3(B)(1), we hereby instruct the clerk of courts to reject any future civil actions or proceedings filed by relator unless accompanied by the required costs deposit or a sworn affidavit of inability to secure costs by prepayment.

JUDGE MATT LYNCH,
concurs

JUDGE JOHN J. EKLUND,
concurs

JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-P-0005