Matthias, J.
 

 The question presented in these cases is purely one of statutory construction. The appellant contends that the assessment of the bottled, finished whiskey is governed by the provisions of Section 5388, General Code, which section provides in part as follows:
 

 “Personal property of the following kinds, used in business, shall be listed and assessed at fifty per centum of the true value thereof, in money, on the day as of which it is required to be listed, or on the days or at the times as of which it is required to be estimated on the average basis, as the case may be: * * *
 

 “The average value of all articles purchased, received or otherwise held by a manufacturer for the purpose of being used, in whole or in part, in manufacturing, combining, rectifying or refining; the average value of all articles which'were at any time by him manufactured or changed in any way, either by combining or rectifying, or refining or adding thereto, but not including finished products unless kept or stored at the place of manufacture or at a warehouse in the same county therewith; and agricultural products on farms,”
 

 
 *101
 
 The basis of the findings of the Board of Tax Appeals is stated in its entries in the following language:
 

 “The finished and bottled whiskey of the appellant,, here in question, was a finished product of the appellant as a manufacturer in the distillation, rectification and blending of such whiskey; and inasmuch as such finished product was kept or stored at the place of manufacture or at a warehouse of the appellant in the county where such whiskey was produced, it would, under the provisions of this section of the General Code [5388], be assessable at
 
 50%
 
 of the true value thereof were it not for the more particular provisions of Section 5388-1, General Code, which requires this whiskey to be assessed at the true value thereof in money.”
 

 Section 5388-1, General Code, is as follows :
 

 “Upon all whiskey or other spirituous liquor stored in bonded warehouses or other places or buildings shall be collected taxes at the rate current in the taxing districts in which sure warehouse or warehouses or other places or buildings shall be situated for the year in which such state and local tax is to be paid and shall be assessed upon its true value in money. In determining the true value in money for taxation purposes of such whiskey or other spirituous liquors so stored, the value placed thereon by the owner or his agent when declaring its value for shipment by express shall be
 
 prima facie
 
 evidence of its true value in money; and in cases where whiskey or other spirituous liquor is not shipped by express and its value for such purpose not so declared, then the true value in money for taxation purposes shall
 
 prima facie
 
 -be the value last declared by an owner who has shipped similar whiskey or other spirituous liquor by express from the same warehouse or other places or buildings. In case of removal from one bonded warehouse to another bonded warehouse either within or without the state, the value of such
 
 *102
 
 whiskey so removed shall be determined in the same way and shall be subjected to the tax as provided in tthis act. Delinquent taxes shall be assessable against such whiskey or other spirituous liquor for the same period and in the same manner as provided for taxes against other property. No tax, whether imposed by this section or any other section of the General Code, shall be levied, assessed or collected upon spirituous liquor stored in bonded warehouses or other places or buildings, as bailment stock, which is subject to- withdrawal by the department of liquor control for its use, distribution or sale.”
 

 The finished, bottled whiskey produced by the appellant and stored in Hamilton county comes within the scope of the provisions of either Section 5388 or Section 5388-1, General Code. It is contended by appellant that the property in question is clearly “finished products * * * kept or stored at the place of manufacture or at a warehouse in the same county therewith” and therefore subject to assessment under the provisions of Section 5388, General Code, at 50% of its true value.
 

 The contention of appellee is that the property in question, being “whiskey or other spirituous liquor stored in bonded warehouses or other places or buildings,” falls within the provisions of Section 5388-1, General Code, and is to be assessed at its full value.
 

 Section's 5388, 5388-1 and succeeding sections of the General Code, taken together, constitute a method prescribed by law for appraising and valuing personal property for taxation. These statutory provisions are clearly
 
 in pari materia
 
 and must be construed together, giving effect to all portions of such statutory provisions if possible.
 

 As previously stated, Section 5388, General Code, provides' that “Personal property of the. following kinds, used in business, shall be listed and assessed at
 
 *103
 
 fifty per centum of the true value thereof, in money.” Subdivision 2 of this section includes in the classification of personal property
 
 used in business,
 
 “all articles which were at any time by him [the manufacturer] manufactured or changed in any way, either by combining or rectifying, or refining or adding thereto, but not including finished products
 
 unless kept or stored at the place of manufacture or at a warehouse in the same county
 
 therewith.” (Italics ours.)
 

 Section 5388-1, General Code, provides that “* * * all whiskey or other spirituous liquor stored in bonded warehouses or other places or buildings * * * shall be assessed upon its true value in money.”
 

 Sections 5388 and 5388-1, General Code, construed together, provide a reasonable method of valuing property for the purpose of taxation. To be included within the provision of Section 5388, General Code, which is involved in this controversy, the personal property must be property “used in business.” Being-broad in scope and application, such provision covers all property “used in business,” except such as is therein excluded. The words “used in business” are defined by Section 5325-1, General Code, as follows: “Within the meaning of the term ‘used in business,’ occurring in this title, personal property shall be considered to be ‘used’ when employed or utilized in con-i’ection with ordinary or special operations, when acquired or held as means or instruments for carrying on the business, when kept and maintained as a part of a plant capable of operation, whether actually in operation or not, or when stored or kept on hand as material, parts, products or merchandise; but merchandise or agricultural products belonging to a nonresident of this state shall not be considered to be used in business in this state
 
 if held in a storage warehouse therein for storage only.”
 
 (Italics ours.)
 

 
 *104
 
 Section 5388-1, General Code, however, refers to “all whiskey or other spirituous liquor
 
 stored
 
 in bonded warehouses or other places or buildings.” (Italics ours.) This section is supplemental to Section 5388, General Code, both in form and in substance. If the bottled whiskey of the appellant is ‘ ‘ personal property used in business,” it does not fall within the provisions of Section 5388-1, General Code. But stored whiskey comes within the provisions of Section 5388-1, General Code, when such whiskey is not personal property
 
 used in business,
 
 or, if so used, is excluded by other provisions of Section 5388, General Code, for instance, finished products
 
 not stored
 
 within the county where manufactured.
 

 All statutory provisions should be so construed if possible as to give full force and effect to each and all of them. 37 Ohio Jurisprudence, 617, Section 341. Effect can be given to the provisions of both of these sections only by excluding the finished, bottled whiskey from the application of the provisions of Section 5388-1, General Code, and applying thereto the provisions of Section 5388, General Code, provided such whiskey is stored within the county where manufactured. So construed, these sections are entirely reconcilable. Furthermore, such construction is essential to conform to the settled policy of this state which avoids discrimination in the levying of
 
 ad valorem
 
 taxes.
 

 It is our conclusion that the rate of taxation of finished, bottled whiskey manufactured in this state and stored in the county where manufactured is governed and controlled by the provisions of Section 5388, General Code, and not by the provisions of Section 5388-1, General Code. It follows that the finished, bottled whiskey in question here should have been assessed at 50% of its true value in money in accordance with the provisions of Section 5388, General Code.
 

 
 *105
 
 The decisions of the Board of Tax Appeals are therefore unlawful and are reversed.
 

 Decisions reversed.
 

 Weygandt, C. J., Hart, Zimmerman, Bell, Williams and Turner, JJ., concur.