Taft, J.
These ten appeals from the Board of Tax Appeals, one of which also involves a cross-appeal, are sequels to the decisions of this court in General Cigar Co., Inc., v. Peck, Tax Commr., 159 Ohio St., 152, 111 N. E. (2d), 265, herein referred to as the General Cigar case, and B. F. Goodrich Co. v. Peck, Tax Commr., 161 Ohio St., 202, 118 N. E. (2d), 525,[1] herein referred to as the Goodrich case.
*269 The Board of Tax Appeals apparently held in effect in cases Nos. 35245, 35246, 35248, 35249 and 35251 that property, either produced or to be used by the taxpayer in a county where stored, can not be described by the words found in Section 5701.08, Eevised Code,[2] and reading, “merchandise * * * belonging to a nonresident * * * held in a storage warehouse for storage only.” It apparently believed that such a conclusion was required by a reading of Sections 5711.16 and 5711.22 in pari materia with Section 5701.08, Eevised Code. In our opinion, the provisions of Sections 5711.16 and 5711.22 do not require such a conclusion.
In arguing for affirmance of those decisions, the Tax Commissioner has advanced certain other reasons not given by the Board of Tax Appeals, although some were considered and apparently approved of in case No. 35252, and has argued that those other reasons will sustain those decisions of that board. In doing so, the Tax Commissioner has made certain contentions, which he has also advanced as reasons for reversal of some of the other decisions of the Board of Tax Appeals that are being considered in this opinion. As will appear in our subsequent discussion of those contentions, some of those reasons are necessarily dependent upon the determination of questions of fact or mixed questions of law and fact. Where the decision of the Board of Tax Appeals indicates that it has not yet passed upon such a question of fact or that it may not have applied correct principles of law in determining such a mixed question of law and fact, we do not believe that we should do so and then rely upon any such reason as a basis for affirmance.
In cases Nos. 35246 and 35248, the Tax Commissioner advances as reasons for affirmance, other than those given by the Board of Tax Appeals, the contention that the property involved was not “merchandise” because the taxpayers did not *270 contemplate its eventual sale. That contention was considered in and rejected by our decision in the Goodrich case (161 Ohio St., at 205, and paragraph two of the syllabus).
In cases Nos. 35242 and 35243, the Tax Commissioner contends that, since whiskey is kept in charred oak barrels for the purpose of maturation and mellowing, the storage of such whiskey in such barrels during such period of maturation and mellowing cannot be considered as a holding “for storage only” within the meaning of those words in Section' 5701.08, Revised Code. Our decision in the General Cigar case (159 Ohio St., at 156) requires the rejection of any such contention.
The principal contention of the Tax Commissioner, advanced as a reason for reversing the decisions in eases numbered 35236, 35237, 35243 and 35245 and as a reason (other than those given by the Board of Tax Appeals) for affirming the decisions in cases numbered 35246, 35248, 35249, 35251 and 35252 and for rejecting the cross-appeal in case No. 35245, is that part or all of the property involved in each of those cases merely represented property maintained as an ordinary working inventory for use in the ordinary course of the taxpayer’s business, and that therefore it cannot reasonably be considered as held “for storage only.”
So far as pertinent, Section 5701.08, Revised Code, reads:
“Personal property is ‘used’ within the meaning of ‘used in business’ * * * when stored or kept on hand as material, parts, products, or merchandise; but merchandise or agricultural products belonging to a nonresident of this state is not used [the section of the General Code considered in the Goodrich case stated, “shall not be considered to be used”] in business in this state if held in a storage warehouse for storage only.”
Obviously property may be ‘ ‘ stored * # # as material, parts, products, or merchandise” although not “kept on hand as material, parts or merchandise.” Keeping property “on hand” necessarily means keeping it readily available. Merely storing it does not require any such meaning. Thus, the words “stored” and “kept on hand” apparently describe two different situations. When it undertook to provide against having property “held for storage only” considered as property “used in business,” the General Assembly said nothing about any such *271 treatment for property “kept on hand.” By what it said, it apparently contemplated snch treatment only for property merely “stored.” Although it might reasonably be argued that property “kept on hand” could sometimes be considered as “held for storage only,” we believe that the General Assembly, in its provision for property “held for storage only,” did not express an intent to limit the words “kept on hand” but only an intent to limit the word “stored.” Thus, where property is “kept on hand as material, parts, products or merchandise,” it can not be considered as “held for storage only.”
If material or parts are kept in a warehouse at a manufacturing plant where they are to be used or so close to such plant that it is not even necessary to go onto a public highway in order to get them to the place where they will be used in manufacturing, it is apparent that they are “kept on hand as materials [or] parts.” If however they are to be used in manufacturing at some other distant plant, even though one belonging to the taxpayer, they cannot be considered as “kept on hand as material [or] parts.” In such instance, it would be more accurate to consider them as merely “stored.” We do not mean to suggest that there may never be a keeping on hand instead of a mere storing if it is necessary to transport the material or parts on the public highway some slight distance, although generally the necessity of transportation on a public highway before use would be a strong indication of no keeping on hand.
As to “products,” they may reasonably be considered as “kept on hand as * * * products” rather than “stored” as long as still at the manufacturing plant where produced.
Further, we believe that, where shipments are regularly made by a taxpayer from a warehouse directly to his customers, it is more reasonable to say that property to be so shipped from such warehouse is “kept on hand as material, parts, products or merchandise” than'to say that it is merely “stored * * * as material, parts, products or merchandise. ” In such an instance, the taxpayer, instead of expanding his place of business to provide space for the merchandise he is selling, may in effect have adopted the warehouse as a part of his selling operation. This may be particularly apparent where the operation of the warehouse and shipments therefrom directly to customers are *272 by the taxpayer instead of by some independent warehouse operator (as in case No. 35237). Cf. last proviso of third paragraph of Section 5711.05, Revised Code. Of course, mere occasional shipments directly to customers might not require a finding of a keeping on hand rather than a storage operation.
In the Goodrich case, no question was raised as to whether there could be a holding for storage only if shipments were regularly made by the taxpayer from his warehouse directly to his customers. Apparently, the property there held for sale was to be shipped to other locations and sales of it thereafter made from those other locations. Also, no question was raised in that case as to whether material to be used in manufacturing could be considered as “held for storage only” if located at or near the place where it was to be so used. Also, no such questions were raised or considered in the General Cigar case.
We believe that the following conclusions, together with the syllabi and decisions in the General Cigar and Goodrich cases, will probably enable the Board of Tax Appeals to determine whether the property involved in these cases was “held for storage only”:
1. Property cannot be considered as “held in a storage warehouse for storage only” within the meaning of Section
5701.08, Revised Code, in those instances where it is located at the place where it is to be used in manufacturing or at the place where it was manufactured into a product or at the place from which it is in effect to be delivered by the taxpayer directly to a customer.
2. Property will be considered as located at such a place in an instance where it is not necessary to transport such property over any public highway in order to get it to such a place.
■ What has hereinbefore been said may have made it unnecessary to go into any of the questions raised by the Tax Commissioner as to whether certain places of storage can be considered storage warehouses within the meaning of Section 5701.08, Revised Code. However, it is possible that the Board of Tax Appeals may find it necessary to determine whether steel tanks for bulk petroleum products may be considered as such storage warehouses. In our opinion they may, although the question may still remain as to whether the products therein were “held for storage only.” The same may be said with *273 respect to those portions of a building definitely set off and used for storage at a time when nonstoráge operations are being conducted in other portions of the building.
Since the Tax Commissioner has not raised any questions as to the constitutionality of the portions of Section 5701.08, Revised Code, relied upon by the taxpayers in these cases, we express no opinion thereon. Cf. Allied Stores of Ohio, Inc., v. Bowers, Tax Commr., 166 Ohio St., 116, 140 N. E. (2d), 411
What we have said requires an affirmance of the decision in case No. 35242. The other nine eases are remanded to the Board of Tax Appeals for further consideration in accordance with this opinion. In doing this, we recognize that such further consideration may in some of those cases reasonably and lawfully result in the same decisions heretofore rendered by the board, although the reasons therefor will probably, at least in some respects, be different from those previously given by the board.

Judgments accordingly.

Weygandt, C. J., Zimmerman, Stewart and Herbert, JJ., concur.
Matthias and Bell, JJ., dissent.

It may be observed that our decision in National Distillers Products Corp. v. Evatt, Tax Commr., 143 Ohio St., 99, 54 N. E. (2d), 146, which the *269 Board of Tax Appeals apparently regarded as inconsistent with our decisions in the Goodrich and General Cigar cases was considered and distinguished in the opinion in the Goodrich case at pages 209 and 210, although, through inadvertence, no citation other than the name of that case followed by “supra” is given and the case does not appear to have been previously referred to in the opinion of the Goodrich case.

This section was amended effective September 30, 1955 (126 Ohio Laws, 78). References to this section in the opinion are references to the section as it read prior to that date.