CUYAHOGA COUNTY BD. OF MENTAL RETARDATION ET AL., APPELLEES, *v.* CUYAHOGA COUNTY BD. OF COMMRS. ET AL.; CUYAHOGA COUNTY BUDGET COMM. ET AL., APPELLANTS.

(No. 73-971—Decided February 12, 1975.)

*Messrs. Payne & Payne* and *Mr. Francis M. Payne,* for appellees.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John L. Dowling,* for appellants.

CELEBREZZE, J. The question presented here is whether a voter-approved levy in excess of the ten-mill limitation may be placed upon the tax list of the current year.

Appellants argue, first, that mandamus is not the proper remedy. They contend that the individual relators have an adequate remedy at law pursuant to R. C. 5705.341, and that the board of mental retardation has no standing and cannot sue.

It is agreed by the parties that the board of mental retardation has no plain and adequate remedy at law pursuant to R. C. 5705.341, or any other procedure. Consequently, if the board has the standing and authority to bring suit, mandamus is a proper remedy.

R. C. 5126.03 defines the powers and duties of the board of mental retardation. It, in pertinent part, provides:

"The county board of mental retardation * * * shall:

"(A) Administer and supervise facilities, programs, and services established under Section 5127.01 of the Revised Code and exercise such powers and duties as prescribed by the chief;

"* * *

"(D) Provide such funds as are necessary for the operation of facilities, programs, and services established under Section 5127.01 of the Revised Code.

"Any county board of mental retardation may enter into a contract with another such board or with a public or nonprofit agency or an organization of the same or another county, to provide the facilities, programs, and services authorized in Section 5127.01 of the Revised Code, upon such terms as may be agreeable.

"Any county board of mental retardation may receive by gift, grant, devise, or bequest any moneys, lands, or property for the benefit of the purposes for which the board is established and hold and apply the same according to the terms of the gift, grant, or bequest. * * *

"The board of county commissioners shall levy taxes and make appropriations sufficient to enable the county board of mental retardation to perform its functions and duties as provided by this section."

The Court of Appeals, referring to R. C. 5126.03, said that:

"The statute gives the BMR [board of mental retardation] the power to make contracts; enjoins it by law to provide the necessary funds for its facilities, programs, and services; and commands the county commissioners to make appropriations sufficient to enable the board to perform its functions and duties. These clearly mandated powers and duties of necessity imply the right to sue for their enforcement and permit, *if not require*, the BMR to bring an action in mandamus to compel appropriation and delivery of the funds necessary for administering its programs. * * *"

We agree with the Court of Appeals that the power can necessarily be inferred from R. C. 5126.03, allowing the board of mental retardation to bring an action in mandamus to compel the board of county commissioners to perform its statutory duty.

However, respondents argue further that mandamus does not lie because R. C. 5705.341 prohibits a budget commission from certifying a tax levy which would produce revenue in excess of the revenue set out in the budget submitted pursuant to R. C. 5705.30. They contend that the

facts before us present a situation clearly within the prohibition.

R. C. 5705.341, in pertinent part, provides:

"Any person required to pay taxes on real, public utility, or tangible personal property in any taxing district or other poltical subdivision of this state may appeal to the Board of Tax Appeals from the action of the county budget commission of any county which relates to the fixing of uniform rates of taxation and the rate necessary to be levied by each taxing authority within its subdivision or taxing unit and which action has been certified by the county budget commission to the taxing authority of any political subdivision or other taxing district within the county.

"* * *

"The Board of Tax Appeals shall forthwith consider the matter presented on appeal from the action of the county budget commission and may modify any action of the commission with reference to the fixing of tax rates, to the end that no tax rate shall be levied above that necessary to produce the revenue set out in the budget of the taxing district or political subdivision as necessary for the ensuing fiscal year and to the end that the action of the budget commission appealed from shall otherwise be in conformity with Sections 5705.01 to 5705.47, inclusive, of the Revised Code.

"* * *

"*Nothing in this or any section of the Revised Code shall permit or require the levying of any rate of taxation, whether within the ten-mill limitation or whether the levy has been approved by the electors of the taxing district, the political subdivision or the charter of a municipal corporation in excess of such ten-mill limitation, unless such rate of taxation for the ensuing fiscal year is clearly required by a budget of the taxing district or political subdivision properly and lawfully advertised, adopted, and filed pursuant to the provisions of Sections 5705.01 to 5705.-47, inclusive, of the Revised Code.*" (Emphasis added.)

Respondents argue that the above-emphasized language of R. C. 5705.341 coupled with this court's decision in *Wise* v. *Twinsburg* (1973), 36 Ohio St. 2d 114, prevent the budget commission from increasing a levy on a current year's budget even though that increase is approved by the voters.

We disagree. When the voters approve a levy increase which is to be placed upon the tax list of the current year, specific sections of R. C. 5705.01 to 5705.47 apply.

R. C. 5705.25, in pertinent part, provides:

"A copy of any resolution adopted as provided in Section 5705.19 or 5705.192 of the Revised Code shall be certified by the taxing authority to the board of elections of the proper county not less than sixty days before the general election in any year, and said board shall submit the proposal to the electors of the subdivision at the succeeding November election. * * *

"* * * *

"* * * If such additional tax is to be placed upon the tax list of the current year, as specified in the resolution providing for its submission, the result of the election shall be certified immediately after the canvass by the board of elections to the taxing authority, who shall forthwith make the necessary levy and certify it to the county auditor, who shall extend it on the tax list for collection. After the first year, the tax levy shall be included in the annual tax budget that is certified to the county budget commission."

R. C. 5705.31, in pertinent part, provides:

"The county auditor shall present to the county budget commission the annual tax budgets submitted to him under Sections 5705.01 to 5705.47 of the Revised Code * * *.

"The commission shall ascertain that the following levies have been properly authorized and if so authorized, shall approve them without modification:

"(A) All levies in excess of the ten-mill limitation;

"* * * *

"(F) Divisions (A) * * * of this section are manda-

tory and commissions shall be without discretion to reduce such minimum levies except as provided in such divisions."

R. C. 5705.34, in pertinent part, provides:

"* * * If the levying of a tax to be placed on the duplicate of the current year is approved by the electors of the subdivision under Sections 5705.01 to 5705.47, inclusive, of the Revised Code * * * the commission shall reconsider and revise its action on the budget of the subdivision for whose benefit the tax is to be levied after the returns of such election are fully canvassed * * *."

Sections 5705.01 to 5705.47 of the Revised Code are an interrelating statutory scheme provided by the General Assembly. Together, they provide the procedure necessary to collect certain tax levies. As such, they must be read together so that any seemingly contradictory sections may be harmonized in order to give meaning and effect to each of them. See *National Distillers Products Corp.* v. *Evatt* (1944), 143 Ohio St. 99.

R. C. 5705.341 mandates that a budget must be properly advertised, legally adopted and duly filed pursuant to R. C. 5705.01 to 5705.47 before a tax may be levied. R. C. 5705.34 provides that the budget commission "shall reconsider and revise its action on the budget * * *." That revised budget, necessitated by a voter-approved levy, thus becomes a budget contemplated by, and within the meaning of, the prohibition of R. C. 5705.341.

Nothing in this court's decision in *Wise* v. *Twinsburg,* *supra* (36 Ohio St. 2d 114), conflicts with our present decision. That case did not involve a voter-approved levy and the court did not consider R. C. 5705.341 in relation to R. C. 5705.34.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, W. Brown and P. Brown, JJ., concur.