THE STATE, EX REL. FAIRFIELD COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, APPELLANT, *v.* FAIRFIELD COUNTY BUDGET COMMISSION ET AL., APPELLEES.

[Cite as State, ex rel. Fairfield Cty. Bd. of Mental Retardation, *v.* Fairfield Cty. Budget Comm. (1984), 10 Ohio St. 3d 123.]

(No. 83-1158—Decided April 18, 1984.)

124

*Wiles, Doucher, Van Buren, Boyle & Casey Co., L.P.A.,* and *Mr. Thomas J. Keener,* for appellant.

*Mr. Thomas J. Corbin,* for appellees.

*Per Curiam.* Appellees' assertion of an adequate remedy at law by way of appeal to the Board of Tax Appeals is in conflict with *Bd. of Mental Retardation* v. *Bd. of Commrs.* (1975), 41 Ohio St. 2d 103 [70 O.O.2d 197]. That case also involved a mandamus action brought by a board of mental retardation seeking, as in this cause, reinstatement of a voter-approved levy in excess of the ten-mill limitation. In support of their contention, appellees state that in *Bd. of Mental Retardation, supra,* the court "* * * did not closely review the propriety of the remedy of mandamus, * * *" since it was agreed by the parties therein that the board of mental retardation had no adequate remedy at law. However, R.C. 5705.341 and 5705.37, which are the relevant statutes providing for appeal, confine such rights to: (1) those required to pay taxes pursuant to such levies (R.C. 5705.341)[1] and (2) taxing authorities (R.C. 5705.37). Appellees' claim that appellant falls within the category set forth in R.C. 5705.341 is not well-taken.

Thus, the issue here is the same as in *Bd. of Mental Retardation, supra,* and revolves around the apparent conflict between R.C. 5705.31, which requires the county budget commission to approve, without modification, levies in excess of the ten-mill limitation that have been properly passed by the voters, and R.C. 5705.341 which mandates that all tax rates be clearly re-

---

[1] R.C. 5705.341 provides in relevant part:

"*Any person required to pay taxes on real* * * * *property* * * * in any taxing district or other political subdivision of this state *may appeal* to the board of tax appeals from the action of the county budget commission * * *." (Emphasis added.)

quired by an approved budget pursuant to procedures set forth in R.C. 5705.01 to 5705.47. In *Bd. of Mental Retardation, supra,* at 109, we considered the statutory scheme of R.C. 5705.01 to 5705.47 as being interrelated relative to "* * * the procedure necessary to collect certain tax levies." We resolved the sections so as to harmonize them "in order to give meaning and effect to each of them." In so doing, we concluded that voter approval of a levy properly placed upon the ballot pursuant to R.C. Chapter 5705 constitutes an approved budget as a matter of law, thus satisfying the provision of R.C. 5705.341 which requires budget approval before levying any rate of taxation.

Appellees criticize this conclusion in *Bd. of Mental Retardation, supra,* for the reason that tax rates beyond the ten-mill limitation may be increased by the voters without the protective requirement that need therefor be demonstrated to the satisfaction of the county budget commission. This argument fails to recognize that tax levies submitted for approval by the electorate in fact afford the opportunity for consideration and evaluation of need by the voters themselves. See R.C. 5705.25.

Based upon *Bd. of Mental Retardation, supra,* the Fairfield County Budget Commission's action was contrary to law when it reduced the total voter-approved millage. Therefore, the appellant is entitled to a writ of mandamus compelling the appellees to reinstate the levy to the total original voter-approved millage.

For the foregoing reasons the judgment of the court of appeals is reversed and the writ prayed for is hereby allowed.

*Judgment reversed and*
*writ allowed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.