THE STATE, EX REL. BOARD OF EDUCATION OF THE MIDDLETOWN CITY SCHOOL DISTRICT ET AL., *v.* BUTLER COUNTY BUDGET COMMISSION ET AL.

[Cite as State, ex rel. Middletown Bd. of Edn., *v.* Butler Cty. Budget Comm. (1987), 31 Ohio St. 3d 251.]

252

(No. 87-69—Decided July 15, 1987.)

*Frost & Jacobs, Larry H. McMillin* and *Gregory A. Keyser,* for relators.

*John F. Holcomb,* prosecuting attorney, and *Patrick P. Connelly,* for respondents.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard C. Farrin,* urging denial of the writ for *amicus curiae,* Tax Commissioner.

LOCHER, J. The issue at bar is whether we should issue a writ of mandamus compelling respondents to levy the full amount of the emergency school levies. For the reasons to follow we decline to issue such a writ.

In order for the extraordinary writ of mandamus to issue, this court "must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus.

In the instant action, relators challenge respondent commission's official act of reducing the rate of taxation to be charged on the emergency levies. R.C. 5705.37 provides in pertinent part:

"The *taxing authority of any subdivision* which is dissatisfied with *any action* of the budget commission may, through its fiscal officer, *appeal* to the board of tax appeals within thirty days after the receipt by such subdivision of the official certificate or notice of such action of said commission. * * * The board of tax appeals shall *forthwith* consider the matter presented to the commission, and may modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates. The finding of the board of tax appeals shall be substituted for the findings of the commission, and shall be certified to the tax commissioner, the county auditor, and the taxing authority of the subdivision affected, * * * as the action of such commission under sections 5705.01 to 5705.47 of the Revised Code." (Emphasis added.)

R.C. 5705.01 provides in relevant part: "As used in Chapter 5705. of the Revised Code:

"(A) 'Subdivision' means any county, * * * or *school district* * * *.
"* * *

"(C) 'Taxing authority' * * * means, * * * in the case of a *school district,* the *board of education* * * *." (Emphasis added.)

"It is firmly established that the writ of mandamus will not issue '* * * where the relator has or had available a clear, plain and adequate remedy in the ordinary course of the law.' " *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 30, 6 OBR 50, 51, 451 N.E. 2d 225, 227. "Moreover, it is axiomatic that '* * * discretionary right of appeal * * * [constitutes] a sufficiently plain and adequate remedy in the ordinary course of the law.' " *Id.* at 30, 6 OBR at 52, 451 N.E. 2d at 227. We are

convinced that R.C. 5705.37 provides relators with a plain and adequate remedy at law by way of appeal.

Relators contend that the propriety of mandamus in this type of action is evidenced by our previous holdings in *State, ex rel. Fairfield Cty. Bd. of Mental Retardation,* v. *Fairfield Cty. Budget Comm.* (1984), 10 Ohio St. 3d 123, 10 OBR 447, 461 N.E. 2d 1297, and *Bd. of Mental Retardation* v. *Bd. of Commrs.* (1975), 41 Ohio St. 2d 103, 70 O.O. 2d 197, 322 N.E. 2d 885. However, in *Bd. of Mental Retardation,* it is questionable whether relator fell within the purview of R.C. 5705.01 and, furthermore, the parties agreed that the relator had no plain and adequate remedy at law. In *Fairfield Cty. Budget Comm.,* this court found that the relator had no adequate remedy by way of appeal under R.C. 5705.341 or 5705.37. Relators in the cause *sub judice,* however, clearly had an adequate remedy at law by way of appeal pursuant to R.C. 5705.37.

Moreover, the Board of Tax Appeals has the authority to grant the specific relief sought by the relators. R.C. 5705.37 provides that the Board of Tax Appeals has the authority to "* * * modify any action of the commission with reference to the budget, the estimate of revenues and balances, or the fixing of tax rates." Furthermore, "this court has acknowledged the board's power of review relative to budget commissions' refusals to allow collection of tax levies." *South Russell* v. *Geauga Cty. Budget Comm.* (1984), 12 Ohio St. 3d 126, 133, 12 OBR 167, 174, 465 N.E. 2d 876, 882. "* * * [W]here the General Assembly has enacted a complete, comprehensive and adequate statutory scheme governing review by an administrative agency, exclusive jurisdiction may be held to lie with such an agency." *State, ex rel. Geauga Cty. Budget Comm.,* v. *Court* (1982), 1 Ohio St. 3d 110, 113, 1 OBR 143, 146, 438 N.E. 2d 428, 431.

This court is also mindful of the "adequacy" of relators' right to appeal under the instant circumstances. Time is an important consideration in the resolution of controversies involving taxation and school boards. We find that the remedy is adequate in terms of time pursuant to the language used in R.C. 5705.37. It is evident that the legislature was well aware of the necessity for expediency in matters similar to the case at bar. The statute provides that "* * * [t]he board of tax appeals shall *forthwith* consider the matter presented to the commission * * *." (Emphasis added.) "Forthwith" is a term rarely used by the legislature in the Revised Code. This court has construed the term to mean "immediately" when used by other political bodies. See, *e.g., State, ex rel. Jurcisin,* v. *Cotner* (1984), 10 Ohio St. 3d 171, 10 OBR 503, 462 N.E. 2d 381. In the limited context of matters involving yearly tax dollars, such as is present in the case at bar, that construction of "forthwith" is unquestionably rational. It is clear that the legislative intent was to provide for review of budget commission decisions in an expeditious manner. This language was obviously incorporated in the statute to address concerns of delay similar to those expressed by the relators herein.

Based on the foregoing, we find that we are compelled to deny the writ and reaffirm the rule of law espoused in paragraph three of the syllabus in *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, which states:

"When a petition stating a proper cause of action in mandamus is filed originally in the Supreme Court or in the Court of Appeals, and it is determined that the relator has a plain and adequate remedy in the ordinary course of the law by way of appeal, neither the Supreme Court nor the Court of Appeals has authority to exercise jurisdictional discretion but those courts are required to deny the writ. * * *" (Citations omitted.)

Accordingly, we hold that mandamus will not lie in the instant cause to compel respondents to levy the full amount of the emergency levies.

*Writ denied.*

MOYER, C.J., HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., dissents.

DOUGLAS, J., dissents with opinion.

DOUGLAS, J., dissenting. I respectfully dissent. The majority quite properly cites *State, ex rel. Pressley, v. Indus. Comm.* (1967), 11 Ohio St. 2d 141, 40 O.O. 2d 141, 228 N.E. 2d 631, for the proposition that a writ of mandamus will not issue from this court when a relator has a plain and adequate remedy at law. Implicit in that rule is that the available remedy must be "adequate." In *State, ex rel. Liberty Mills, Inc., v. Locker* (1986), 22 Ohio St. 3d 102, 104, 22 OBR 136, 137-138, 488 N.E. 2d 883, 885-886, we said that "[f]or a remedy at law to be adequate, the remedy should be complete in its nature, beneficial and speedy. *State, ex rel. Merydith Constr. Co., v. Dean* (1916), 95 Ohio St. 108, 123. The question is whether the remedy is adequate under the circumstances. *State, ex rel. Butler, v. Demis* (1981), 66 Ohio St. 2d 123, 124 [20 O.O. 3d 121]."

The levies involved in this case are emergency levies. Today's majority decision only decides this case on procedural grounds. There is no indication as to whether relators are ultimately entitled to the relief they seek. While this may be the preferable method to decide matters seeking extraordinary writs, in this case the funds sought by relators were granted by passage of an "emergency" levy and if relators are entitled to the funds, they need to know this now so that proper budgetary planning can take place. A favorable decision two or three years down the road will be of little or no help to relators who now must cut their budgets to meet what they contend will be a shortfall in revenue.

Accordingly, since I think all parties here are entitled to a decision by this court on the merits and further because I find relators' remedy at law not to be adequate, I respectfully dissent.