The STATE ex rel. SMITH

v.

TATE, Warden.

[Cite as *State ex rel. Smith v. Tate* (1991), 77 Ohio App.3d 228.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62312.

Decided Sept. 16, 1991.

*Ronald Smith, pro se.*

*Lee I. Fisher,* Attorney General, for respondent.

---

*Per Curiam.*

On August 21, 1991, petitioner Ronald Smith commenced this habeas corpus action against Arthur Tate, Jr., Warden of the Lucasville Correctional Facility, "to execute a warrant of conveyance removing [Ronald Smith] from the Southern Ohio Correctional Facility, forthwith." In the alternative, Smith pled mandamus seeking the same relief. The gravamen of his complaint is that he is being improperly held in Lucasville, because this court of appeals has vacated his guilty plea and remanded his case to the trial court for further proceedings. Thus, the warden either has no power to continue to imprison him or has the duty to return him to the sheriff of Cuyahoga County. For the following reasons, this court denies the writ for habeas corpus, but grants the writ of mandamus and orders the warden to cause Smith to be conveyed to the Cuyahoga County jail and committed to the custody of the sheriff, pursuant to R.C. 2953.13.

Between January 1988 and February 1989, the grand jury indicted Smith in three different cases for numerous offenses involving, *inter alia,* drugs and firearms. In case No. CR–224283 Smith was indicted on six counts for drug abuse of cocaine, heroin, and PCP, possessing criminal tools (a 1983 Chevrolet Blazer), and receiving stolen property—a television and a compact disc player. In case No. CR–231118 he was indicted for receiving stolen property, which was a handgun, carrying a concealed weapon, and having weapons while under disability. In case No. CR–231769 he was indicted for carrying concealed weapons and for having weapons while under disability. It is important to note that the two counts of having weapons while under disability were for separate and distinct offenses, resulting from Smith's possession of a firearm on August 13, 1988, and August 28, 1988.

Smith agreed to enter into a plea bargain in which he would plead guilty to various counts, including the two counts of having a weapon while under disability, and would serve a minimum of four and one-half years' actual time. Smith entered his guilty plea on April 5, 1989. Before the sentencing on July 21, 1989, he had a change of heart and moved to withdraw his guilty plea. The court denied the motion and proceeded to sentence him in accordance with the plea agreement. In so doing the trial court ordered the three years for each of the gun charges to be served concurrently.

On appeal to this court (case Nos. 58334, 58418, and 58443, journalized April 8, 1991), Smith argued that the trial court erred in failing to substantially comply with Crim.R. 11 and that his guilty pleas were insufficient as a matter of law. This court upheld both of these assignments of error. Because the

trial court was statutorily required to impose separate and consecutive sentences for each of the gun offenses, the sentence imposed was void and thus a nullity. The failure to explain the actual requirement as well as the trial court's inability to impose the sentence agreed upon was insufficient compliance with Crim.R. 11. In addition, this court held that some of the guilty pleas were insufficient as a matter of law. Accordingly, this court vacated the guilty pleas in all the cases and remanded the matter for further proceedings.

The state of Ohio filed a notice of appeal in this court on April 9, 1991. On May 8, it moved to dismiss the appeal, and this court granted that motion. This court takes judicial notice of court records that on May 28, 1991, the clerk of courts sent copies of the mandate to the trial court and to the correctional reception center. However, since that time Smith has remained imprisoned in Ohio's penitentiary system.

■ To be granted mandamus relief the petitioner must have a clear legal right to the relief requested and no plain and adequate remedy in the ordinary course of the law. In addition, the respondent must have the clear legal duty to perform the requested act. *State ex rel. Ney v. Niehaus* (1987), 33 Ohio St.3d 118, 515 N.E.2d 914. In the present case Smith is entitled to mandamus relief.

■ R.C. 2953.13 provides in pertinent part as follows:

"When a defendant has been committed to the penitentiary and the judgment, by virtue of which the commitment was made, is reversed on appeal, and such defendant is entitled to his discharge or a new trial, the clerk of the court reversing such judgment, under the seal thereof, shall forthwith certify said reversal to the warden of the penitentiary."

"* * *

"If a new trial is ordered, the warden shall forthwith cause the defendant to be conveyed to the jail of the county in which he was convicted, and committed to the custody of the sheriff thereof."

Accordingly, this statute establishes the warden's clear legal duty and Mr. Smith's clear legal right. Upon the vacating of the guilty pleas and remand for further proceedings from even before the point of a trial, the law of Ohio requires the defendant to be returned to the county in which he was convicted and committed to the custody of the sheriff. *State v. Rand* (1969), 20 Ohio Misc. 98, 49 O.O.2d 127, 247 N.E.2d 342.

■ The statute was enacted to be immediately self-effecting, with no need for further appeals, applications, motions, petitions, or administrative procedures. Absent relief in mandamus, Smith lacks any procedural vehicle by

which he may secure his return to Cuyahoga County. Therefore, there are no adequate remedies in the ordinary course of the law. Cf. *State ex rel. Fairfield Cty. Bd. of Mental Retardation & Developmental Disabilities v. Fairfield Cty. Budget Comm.* (1984), 10 Ohio St.3d 123, 10 OBR 447, 461 N.E.2d 1297 (no adequate remedy existed to preclude mandamus when county budget commission improperly reduced voter-approved levy for county board of mental retardation); *State ex rel. Olander v. Ohio Environmental Protection Agency* (1989), 45 Ohio St.3d 196, 543 N.E.2d 1262 (no adequate remedy existed to preclude mandamus enforcing court order to reinstate relator to his position with state agency).

Smith has remained in the Ohio penitentiary system for approximately three months after the clerk of courts notified the system that his conviction had been vacated and his case remanded to the common pleas court for further proceedings. At that time it became the respondent's duty to "forthwith" return Smith to Cuyahoga County and into the custody of the sheriff. This has not been done. Accordingly, because Smith has established the requisites for his mandamus claim, this court grants the mandamus and orders the respondent to fulfill his duty under R.C. 2953.13.

Granting the mandamus provides Smith with the relief to which he is entitled and for which he petitioned. Accordingly, his application for habeas corpus is denied as moot. Smith's original petition sufficiently stated the relief sought. Thus, his motion to amend the complaint by more explicitly stating the requested relief is also denied as moot.

Writ of mandamus granted. Respondent to pay costs.

*Writ granted.*

PATTON, P.J., MATIA and BLACKMON, JJ., concur.