DECISION AND JUDGMENT ENTRY
This original action in procedendo and/or mandamus is before the court upon the petition of Gregory T. Howard. Howard asserts that respondent, Judge Judson P. Spore, Visiting Judge of the Toledo Municipal Court, has failed to proceed to judgment on several motions filed by Howard and has failed to report to the Bar Association misconduct by opposing counsel. Judge Spore has filed a motion to dismiss this action on the grounds that the petition fails to state a claim upon which relief can be granted. Also before the court is Judge Spore's reply memorandum and Howard's "Answer in Opposition to Respondent's Reply Memorandum."
Howard is the plaintiff in a civil action pending in the Toledo Municipal court seeking damages for personal injury. The defendants asserted a counterclaim in that suit for breach of a lease contract, trespassing, and conversion. Howard asserts that, in June and July 1999 and on July 2, 2000, he filed two motions for a new trial and an affidavit of disqualification and malpractice against the Judge Spore, which have not yet been ruled upon by Judge Spore. Therefore, Howard seeks a writ of procedendo directing Judge Spore to proceed to judgment on these matters.
Judge Spore has filed a motion to dismiss asserting that the affidavit of disqualification was referred to the presiding judge of the Court of Common Pleas and has not yet been resolved. Judge Spore further states that he will not rule on any matters of substance until the issue of disqualification is decided. Therefore, he argues that he does not have authority to do the act requested by petitioner.
A writ of procedendo is an order from a superior court directed to a inferior court ordering the inferior court to proceed to judgment. Such a writ will not be issued if it will control or interfere with ordinary court procedure. State exrel. Ratliff v. Marshall (1972), 30 Ohio St.2d 101, 102. Because it is an extraordinary writ, it will not be issued unless the relator can prove that he is "entitled to the performance of clear legal duty" and that he "has no adequate remedy in the ordinary course of law." State ex. rel. Levin v. Sheffield Lake (1994),70 Ohio St.3d 104, 106 (citations omitted) and State ex rel. Utley v.Abruzzo (1985), 17 Ohio St.3d 203, 204.
In this case, Howard's filing of an affidavit of disqualification on July 2, 1999 deprived Judge Spore of authority to preside in the proceeding regarding substantive matters while the affidavit is being considered by the presiding judge of the court of common pleas. R.C. 2701.031(D)(1). Judge Spore is not responsible for the delay in ruling on the affidavit of disqualification and did not have the authority to rule on Howard's motions. Therefore, Howard is not entitled to a writ of procedendo.
Howard also alleges that Judge Spore had a duty under the Code of Judicial Conduct to report misconduct of opposing counsel in this case and failed to do so. Therefore, Howard seeks a writ of mandamus compelling the judge to make this report to the Bar Association. Howard alleges that opposing counsel surreptitiously looked at documents Howard was going to present to the defendant. Howard fails to identify what section of the Code of Professional Conduct these actions violated. Howard also asserts that Judge Spore and his counsel influenced the Common Pleas Court Administrative Judge to deny Howard's affidavit of disqualification. Howard therefore requests that this court refer the alleged acts of misconduct to the Bar Association.
A writ of mandamus is an extraordinary writ and, therefore, is only available where the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." State ex rel. Middletown Bd. of Edn. v. Butler Cty.Budget Comm. (1987), 31 Ohio St.3d 251, 253, quoting State ex rel.Westchester Estates, Inc. v. Bacon (1980), 61 Ohio St.2d 42, paragraph one of the syllabus. See, also, R.C. 2731.05.
Cannon 3(D)(3) of the Code of Judicial Conduct requires that a judge report to proper authorities any misconduct on the part of a lawyer if requested to do so. The standard created by this cannon is not a legal duty, but a standard imposed upon judges by the Supreme Court of Ohio. Since Judge Spore has no legal duty to perform the act requested, this court cannot issue a writ of mandamus to compel Judge Spore to comply with the cannon.
This court finds that there is no evidence of misconduct by Judge Spore or his counsel with respect to the ruling on the affidavit of disqualification.
Judge Spore's motion to dismiss is hereby granted. This action is ordered dismissed. Howard is order to pay court costs imposed in this action.
Peter M. Handwork, J., Melvin L. Resnick, J.,Mark L. Pietrykowski, J., CONCUR.