The STATE of Ohio ex rel. EDGEWORTH

v.

UNIVERSITY OF TOLEDO.

[Cite as *State ex rel. Edgeworth v. Univ. of Toledo,*
185 Ohio App.3d 48, 2009-Ohio-5727.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1161.

Decided Oct. 27, 2009.

Kimberly A. Conklin and Stephen D. Hartman, for relator.

Richard Cordray, Attorney General, and Lauren M. Ross, Assistant Attorney General, for respondent.

HANDWORK, Presiding Judge.

{¶ 1} This matter is before the court upon cross-motions for summary judgment filed by relator, Lori K. Edgeworth, and respondent, the University of Toledo.

{¶ 2} Edgeworth filed this mandamus action seeking a writ of mandamus ordering the University of Toledo to establish an early retirement incentive plan as required by R.C. 145.298. On July 7, 2009, this court issued an alternative writ ordering the University of Toledo to do so or show cause why it was not obligated to comply with the statute. The University of Toledo answered the complaint denying that it is required to establish an early retirement incentive plan for any of its employing units.

{¶ 3} The following evidence was submitted with the motions for summary judgment. William Logie, Vice President for Human Resources and Campus Safety at the University of Toledo, attested that in April 2009, the University of Toledo announced that approximately 85 employment positions would be eliminated. One of those positions was that of Director, Office of Student Involvement, which Edgeworth had held since November 2007. She had been first hired in September 1983 and was born in 1960. Relator was notified of this action on April 28, 2009.

{¶ 4} Logie further attested that for purposes of R.C. 145.298, the University of Toledo organized its employees into six employing units. Three of these units (college, hospital, and support services) were established by resolution of the board of trustees of the Medical College of Ohio in 2004. After merger of this institution and the University of Toledo, the board of trustees of the University of Toledo retained these three employing units in January 2009 and added three additional employing units for the main campus (Academic Affairs, Student Affairs, and Main Campus Support). Edgeworth's position was assigned to respondent's student-affairs employing unit. Four additional employees from this unit were also notified that their positions were being eliminated. At the time of this layoff, approximately 750 employees were assigned to the student-affairs unit.

{¶ 5} Relator attested in her affidavit that she was employed by the University of Toledo for more than 26 years and has accumulated 25.667 years of service credit. She also has 2.23 years of exempt service earned while a student, which she can purchase towards retirement. Her paycheck during that time was issued by the University of Toledo. She is a vested participant of the Ohio Public Employees Retirement System ("PERS").

{¶ 6} The University of Toledo argues that Edgeworth lacked standing to bring this action because she suffered no injury that could be redressed by this court. It asserts that even if it was obligated to create an early retirement incentive plan, Edgeworth would not have been eligible to participate in it because she was 48 years of age as of the date of the layoff and had only 26 years of PERS service credit. Pursuant to R.C. 145.33(A), an OPERS member with at least 5 years of service credit may apply for retirement at either age 60 or any age if she has at

least 30 years of service credit. The University of Toledo further argues that there is no requirement under R.C. 145.298(D) that it purchase over four years of service credit to make Edgeworth eligible for an OPERS retirement. Therefore, even if this court should find that the University of Toledo was required to create an early retirement incentive plan, Edgeworth was not eligible to participate and, therefore, suffered no injury by respondent's failure to create such a plan.

{¶ 7} Edgeworth argues that she does have standing to bring this action because the issue is not her eligibility to retire but the statutory obligation of the University of Toledo to implement an early retirement incentive plan. Furthermore, until the University of Toledo implements such a plan, there is no way to know if Edgeworth would be eligible to retire. Finally, Edgeworth argues that had the University of Toledo implemented such a plan, there may have been a sufficient number of employees who took advantage of the plan that the abolishment of her position may not have been necessary.

{¶ 8} Although raised as an alternative argument, we begin by addressing the issue of standing because it is a prerequisite to the resolution of any legal action. *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 22, and *Fortner v. Thomas* (1970), 22 Ohio St.2d 13, 14, 51 O.O.2d 35, 257 N.E.2d 371.

{¶ 9} R.C. 145.297(C) provides that:

{¶ 10} "Any classified or unclassified employee of the employing unit who is a member of the public employees retirement system shall be eligible to participate in the retirement incentive plan established by the employee's employing unit if the employee meets the following criteria:

{¶ 11} "(1) The employee is not any of the following:

{¶ 12} "(a) An elected official;

{¶ 13} "(b) A member of a board or commission;

{¶ 14} "(c) A person elected to serve a term of fixed length;

{¶ 15} "(d) A person appointed to serve a term of fixed length, other than a person appointed and employed by the person's employing unit."

{¶ 16} Based upon this statute, we find that Edgeworth does have standing to assert that the University of Toledo is obligated to implement an early retirement incentive plan. We now turn to the merits of this case.

{¶ 17} The University of Toledo argues that Edgeworth's layoff was not part of a large enough layoff within her employing unit to trigger the legal obligations of respondent to establish an early retirement incentive plan pursuant to R.C.

145.298 and Ohio Adm.Code 145–2–42. Edgeworth argues that the University of Toledo has misinterpreted the statutory language.

{¶ 18} The Ohio General Assembly granted state employers the discretion to designate "employing units" in order to enable the state employer to provide the greatest flexibility in designing retirement incentive plans for the benefit of its employees. R.C. 145.297(A)(2) and (B). See also 1988 Ohio Atty.Gen.Ops. No. 88–085. R.C. 145.298[1] mandates the implementation of retirement incentive plans in certain situations involving mass layoffs and closures of a state employing unit. That section provides:

{¶ 19} "(C) In the event of a proposal, other than a proposal described in division (B) of this section, to lay off, within a six-month period, a number of employees of a state employing unit [which includes respondent] that equals or exceeds the lesser of fifty or ten per cent of the employing unit's employees, the employing unit shall establish a retirement incentive plan for employees of the employing unit."

{¶ 20} R.C. 145.298(A)(1) defines a "state employing unit" as the unit described in R.C. 145.297(A)(2), which provides that "[w]ith respect to state employees, any entity of the state including any * * * institution of higher education, * * * or any part of such entity that is designated by the entity as an employing unit."

{¶ 21} Edgeworth argues that the "or" in R.C. 145.298(A)(2) must be interpreted as providing that the employing unit can be either the University of Toledo or one of the employing units designated by the University. The University of Toledo argues that Edgeworth is asking to have the "or" interpreted as an "and."

{¶ 22} Edgeworth argues that to interpret the statute in the manner suggested by the University of Toledo results in an employer being able to create enough employing units to eliminate any possibility of having to comply with the statutory requirements of R.C. 145.298. The University of Toledo argues, however, that interpreting the statute in the manner suggested by Edgeworth results in the elimination of any state employer designating "employing units."

{¶ 23} We conclude, giving the statutory language its ordinary meaning, that a "state employing unit" is the applicable state entity or designated subordinate entity to which the employee belongs. There can only be one such employing unit. Therefore, the determination of what employing unit is involved is critical to this case. If Edgeworth is an employee of the student affairs employing unit, the University of Toledo was not required to implement a

---

1. This version of the statute was effective September 29, 1995. The statute was amended July 17, 2009, to increase the number of layoffs to trigger operation of the statute to "the lesser of three hundred fifty or forty per cent of the employing unit's employees."

retirement incentive plan when Edgeworth's position was eliminated because only four employees of her employing unit were laid off. However, if Edgeworth is an employee of the University of Toledo, it was required to implement a retirement incentive plan because 85 of its employees were laid off.

{¶ 24} Edgeworth argues that she is an employee of the University of Toledo, who issues her paycheck, and not the student-affairs employing unit to which she was assigned. She relies upon R.C. 145.297(A)(4), which provides that "[i]n the case of an employee whose employing unit is in question, the employing unit is the unit through whose payroll the employee is paid."

{¶ 25} The University of Toledo argues that Ohio Adm.Code 145-2-42, enacted by OPERS, makes a distinction between the employing units and the state employer. That section provides: "(3) 'Employing unit' means an employer as defined in division (A) of section 145.297 or division (A) of section 145.298 of the Revised Code, and if any subordinate designation of an employing unit is made then the retirement system shall be notified in accordance with paragraph (B) of this rule; * * *."

{¶ 26} We agree with the University of Toledo that Edgeworth's employing unit is the student-affairs employing unit within the University of Toledo. While Edgeworth asserts that there is a dispute over which entity is the employing unit, there is in fact no such issue. It is clear from the affidavit of William Logie that the University of Toledo created three employing units in 2009 and assigned Edgeworth to the student-affairs employing unit. Therefore, there is no need to resort to R.C. 145.297(A)(4). We conclude that the University of Toledo was not obligated to establish an early retirement incentive plan.

{¶ 27} Pursuant to Civ.R. 56(C), summary judgment is appropriate only when it is clear "(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66–67, 8 O.O.3d 73, 375 N.E.2d 46. Furthermore, the writ of mandamus is an extraordinary writ and, therefore, is only available where the court finds "that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State ex rel. Middletown Bd. of Edn. v. Butler Cty. Budget Comm.* (1987), 31 Ohio St.3d 251, 253, 31 OBR 455, 510 N.E.2d 383, quoting *State ex rel. Westchester Estates, Inc. v. Bacon* (1980), 61 Ohio St.2d 42, 15 O.O.3d 53, 399 N.E.2d 81, paragraph one of the syllabus.

{¶ 28} Having concluded that Edgeworth does not have a clear legal right to the relief prayed for, we grant the motion of the University of Toledo for summary judgment and deny Edgeworth's motion for summary judgment. Edgeworth's petition for a writ of mandamus is denied and this action is dismissed on the ground that the University of Toledo does not have a clear legal duty to perform the requested act. Edgeworth is ordered to pay the court costs incurred.

Writ denied.

SINGER and OSOWIK, JJ., concur.

